**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT YOUNG,** <br> **Plaintiff** | * <br> * <br> * | **Civil Action No. 23-681** |
| **VERSUS** | * <br> * | **District Judge: Shelly D. Dick** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY, ET AL** <br> **Defendants** | * <br> * <br> * | **Magistrate Judge:** <br> **Richard L. Bourgeois** |

**********************************************

**<u>RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

**NOW INTO COURT**, through undersigned counsel, come Defendants, James M. LeBlanc,[1] Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") and Seth Smith, Chief of Operation of DPSC ("Defendants"), who, provide the following responses and objections to the Requests for Production of Documents served by Plaintiff, Robert Young, on September 11, 2024.

**<u>GENERAL OBJECTIONS</u>**

Defendants generally object to Plaintiff's Requests for Production as follows:

1. Defendants object to each instruction and definition set forth in Plaintiff's discovery requests to the extent they purport to impose any requirement or discovery obligation upon Defendants responding herein greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and/or Orders of this Court.

2. Defendants generally object to Plaintiff's discovery requests on grounds the Requests exceed the scope of the litigation, are not proportional to the needs of the case and/or are irrelevant and immaterial to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's discovery requests are not tailored to the allegations and/or claims against Defendants or to the alleged incident involving Plaintiff and/or the facility in question, and are unduly

---

[1] On August 29, 2024, Governor Jeff Landry appointed Gary Westcott as the new Secretary of the Louisiana Department of Public Safety and Corrections, replacing Defendant Secretary LeBlanc, who resigned from the position on August 28, 2024. Pursuant to Fed. R. Civ. P. Rule 25(d), Gary Westcott is automatically substituted for James LeBlanc in his official capacity.

.



**EXHIBIT "A"**

burdensome. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial of any of the information and/or documents referenced or provided.

3. Defendants generally object to Plaintiff's discovery requests to the extent they seek the knowledge of the State of Louisiana and Department of Public Safety & Corrections, an entity. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

4. The following are the responses of Defendants prepared by counsel based upon reasonable investigation conducted and information assembled to date. Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if inadvertent errors are discovered, is specifically reserved. These responses are also given without prejudice to Defendants' right to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

5. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained therein, as if any statements contained therein were made by a witness present and testifying in court, all of which objections and grounds are expressly reserved to be interposed in motions at the time of trial.

6. Defendants generally object to Plaintiff's discovery requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege, such information will not be provided.

7. Defendants generally object to the extent Plaintiff's discovery requests seek the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of Defendants' attorneys, and to the extent the discovery requires disclosure of the mental impressions, conclusions or opinions of Defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

8. Defendants have engaged in a diligent and good faith effort to respond to the discovery requests propounded by Plaintiff. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions, changes to and variations from the answers set forth. The following answers are made without prejudice to the right of Defendants to provide additional evidence at the time of trial.

9. **These General Objections are applicable to every discovery request below and all responses thereto and are incorporated therein**.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All drafts, reviews, revisions and / or edits to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

2. All documents, memorandums, meetings minutes, emails, drafts, redlines, comments or other records pertaining to initial development and any revisions to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Notwithstanding, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds it seeks documents

already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

3. All contracts for services related to holding sentenced individuals in custody of DPSC in local facilities owned and / or operated by local parish sheriff, law enforcement district and / or any private corrections contractor from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and fails to properly define "contracts for services related to holding sentenced individuals," rendering the Request inappropriately vague. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

4. All audits, reviews, reports, investigations, inspections, reports, complaints, monitoring reports related to BJG inspections and certifications of local facilities for any correctional or detention facility owned and / or operated by a local sheriff, law enforcement district, and / or private corrections contractor from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

5. All written procedures or plans for significant unusual occurrences or facility emergencies including riots, deaths, serious illness or injury and assaults or other acts of violence pursuant to BJG I-C-001 from any parish holding DPSC prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without

waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

6. All written reports, notifications, phone messages, emails, text messages, or any other documentation of prisoner deaths, including but not limited to notifications via written form C-05-001-X, from any entity or individual responsible for reporting from any local facility pursuant to BJG IV-C-015 from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint, and further seeks documentation regarding "prisoner deaths" when the issue of prisoner deaths has no bearing or relevance to Plaintiff's claims in this case; Plaintiff is not deceased.

7. All monthly reports of activities to the Chief of Operations pursuant to BJG IV-C-015, IV-C-016 VIII-B-008 and LDPSC regulation C-05-001 / AM-1-4 and all automated reporting by the DPSC Regional Team Leader for the Central Region from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to

the relevant time period of Plaintiff's detention and/or facility, much less the parish or region in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, and; thus, are not proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

8. All records, logs, and documents of staff deployment, staffing plan, staffing schedules, annual review of staffing analysis and plan to comply with BJG II-A-001, BJG II-A-003, and BJG II-A-006, from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and

without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

9. All facility logs, records or other documentation of transfers of DPSC prisoners to non-DPSC facilities to comply with BJG II-A-019 from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

10. All documentation, records, meeting minutes, emails, forms, policies, procedures received and / or reviewed related to Catahoula Correctional Center's compliance with Basic Jail Guidelines from January 1, 2019 to present including but not limited:

a. Organization and staffing plans
b. Annual review of facility staffing plans
c. Staff logs
d. Facility logs
e. Unusual occurrence reports
f. Any incidents reportable to DPSC

g. All reports related to Offender Population Management
h. Detainee and prisoner housing records
i. Detainee and prisoner classification records
j. Documentation of drug and alcohol testing of detainees and prisoners
k. Deaths of detainees or prisoners

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

11. All records, curriculum, power points, meeting minutes, sign in sheets or other documents related to training, supervision, and evaluation of regional Basic Jail Guidelines Team Leaders for each DPSC region, including but not limited to any materials related to conferences for Team Leaders hosted in or around Lake Charles from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in which the facility is located, at issue in Plaintiff's complaint and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

12. All BJG Quarterly Summary Reports for all DPSC Regions, including but not limited to the Capital Region, Central Region, Florida Parishes, Northeast Region, Northwest Region, Southeast Region, Southeast Central Region, Southwest Central Region, Southwest Region from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, relevant or proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's

possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

13. All monthly reports generated pursuant to state statute, including but not limited to LA RS 15:566 A and/or LA RS 15:824 (d)-(e), from any sheriff, law enforcement district, or local parish governing authority and / or any other responsible entity reflecting the number of DPSC prisoners and compensation paid by DPSC from January 1, 2019 to present for any parish where DPSC sentenced people are held.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

14. All CFACILITY reports generated for the last week of each month from January 1, 2021 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. In addition, this Request is unduly

burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint.

15. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all facilities DPSC has found in non-compliance with any BJG provision from January 1, 2017 to present.

**<u>RESPONSE:</u>**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

16. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all plans developed by DPSC, local sheriff's office, parish law enforcement district, the entity operating a facility, and / or any other entity related to the ownership, operation, or custody of people in a facility not in compliance with any BJG provision to bring the facility into compliance from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

17. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all audits, inspections, reviews, or other efforts undertaken by DPSC to re-assess a facility's BJG compliance after a finding of non-compliance conducted between January 1, 2019 and present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the

extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

18. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all studies, consultations, reports, reviews, audits, or any other effort undertaken by DPSC to assess the validity of BJG audits of local facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to any time period, any relevant time period related to Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

19. All policies, procedures, regulations, statutes, or other documents pertaining to all master staffing plans, including all documents or other records showing approved staffing for Catahoula Correctional Center, from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

20. All policies, procedures, documents, forms, charts or other records pertaining to all posts at Catahoula Correctional Center, as well as all priority posts and backfill procedures from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

21. All policies, procedures, directives, and / or post orders for corrections officers assigned to the following posts at any local facilities housing DPSC prisoners:

a. Key control;
b. Walk through supervision of units;
c. Investigations;
d. Transportation;
e. Intake and booking;
f. Classification.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to any time frame whatsoever, much less the relevant time period of Plaintiff's detention. In addition, this Request is unduly burdensome and is not limited to the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and therefore, is not relevant or proportional to the claims, issues or needs of the case. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

22. All documents reflecting the number of positions filled and the number of positions vacant for uniformed corrections officer positions at Catahoula Correctional Center from February 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

23. All documents pertaining to or reflecting the organizational structure of Catahoula Correctional Center in effect from July 1, 2020 through present, including administration and security positions, chain of command and relationship and communication between various departments and facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is not limited to the relevant time period of Plaintiff's detention and on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

24. All summary data and / or reports reflecting staff turnover for deputies, sergeants, lieutenants, captains, corporals, and majors at Catahoula Correctional Center from July 1, 2019, through present, including but not limited to:

a. Attrition rates for each employment level;
b. Promotions within Catahoula Parish Sheriff's Office;
c. Demotions within the Catahoula Parish Sheriff's Office;
d. Transfers from Catahoula Correctional Center to other correctional institutions;
e. Transfers from any Calcasieu Parish correctional facility to other correctional institutions;
f. Voluntary departures of staff, i.e., resignations, retirement;
g. Involuntary departures of staff, i.e., terminations for cause.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

25. All summary data and / or reports reflecting Catahoula Parish Sheriff's Office staff disciplinary investigation and / or disciplinary action taken against Catahoula Parish Sheriff's Office staff from July 1, 2019 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the Catahoula Sherriff's Office.

26. All summary data and / or reports reflecting LDPSC disciplinary investigations and / or disciplinary actions taken against DPSC staff from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad in that it seeks "all" disciplinary investigations and disciplinary actions," with absolutely no limitation on the nature, type or scope thereof, against all "DPSC staff," and is in no way limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint, and therefore, is unduly burdensome, not relevant or proportional to the claims, issues or needs of the case. Notwithstanding, Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail.

27. All contracts with third parties related to operations at Catahoula Correctional Center in effect from January 1, 2014 to the present, including but not limited to:

   a. Contracts between Catahoula Parish Sheriff's Office and LaSalle Management;
   b. Contracts between Catahoula Parish Sheriff's Office and Calcasieu Parish Sheriff's Office;

c. Contracts between Catahoula Parish Sheriff's Office and / or Department of Corrections to provide operational services and / or leases;
d. Contracts with any hospital or individual health care providers to provide personnel for medical care for Catahoula Parish Sheriff's Office;
e. Contracts with any employment agency, individuals to provide additional administrative staffing;
f. Contracts with any corrections agency, corporation, or individuals to provide additional corrections staffing;
g. Contracts with emergency transport company, emergency medical services, or any ambulance service to provide emergency transportation of inmates.

**<u>RESPONSE:</u>**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

28. All policies and procedures regarding outside hospital billing for services to Catahoula Correctional Center, Catahoula Parish Sheriff's Office, Calcasieu Parish Sheriff's Office and/or DPSC from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

29. All bills for medical service provided to Robert Young sent by an outside hospital or medical provider while he was in custody of Catahoula Parish Sheriff's Office and/ or Calcasieu Parish Sheriff's Office.

**RESPONSE:**

Defendants object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state this Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

30. All policies and procedures in effect at all facilities comprising Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds that it is impermissibly vague as it does not define "all facilities," and is not limited to policies or procedures relevant to the issues in Plaintiff's complaint. Defendants further object to this Request on grounds they are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

31. All documents and other records pertaining to orientation training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff used to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

    a. Training academy schedule and dates for all recruits or new hire academies;
    b. Training curriculum, including each curriculum topic, and hours for each
    c. Instructor for each curriculum topic;
    d. Lesson plans for each curriculum topic;
    e. Tests and / or exams for each curriculum topic;
    f. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
    g. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

32. All documents and other records pertaining to in-service training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

   a. Training academy schedule and dates for all in-service academies;
   b. Training curriculum, including each curriculum topic, and hours for each
   c. Instructor for each curriculum topic;
   d. Lesson plans for each curriculum topic;
   e. Tests and / or exams for each curriculum topic;
   f. Student records of attendance and student test or exam performance for each topic for each academy;
   g. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
   h. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections,

Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

33. All policies and procedures in effect at all facilities holding people serving a sentence in the DPSC from January 1, 2019 to present regarding prisoner classification, responses to prisoner reports of threats, investigation of reports of threats, observation and supervision of prisoner housing units including but not limited to

   a. All forms, narratives, log books, or other reporting documents to report any signs of increasing tension on a dorm or tier;
   b. All curriculums, syllabi, handouts, and any other documents pertaining to training to observing prisoners for signs of tensions, intimidation, threats to among prisoners on housing units.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue in Plaintiff's complaint or relevant time period of Plaintiff's detention, unduly burdensome and is not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced prisoners." Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

34. All policies and procedures regarding post- critical incident reviews, re-training, meetings, discussions in effect from January 1, 2019, to present at all facilities holding people serving a sentence in the DPSC.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

35. All reports, reviews, audits, investigations of all facilities located in Louisiana used to hold pretrial detainees and people in DPSC custody within the last five years including but not limited to:

a. All letters of finding issued by the Department of Justice (DOJ);
b. All reviews, investigations, and / or letters of finding by the Department of Homeland Security;
c. All reviews, audits, and / or technical assistance reports issued by the National Institute of Corrections (NIC);
d. All reviews, audits, inspections, and / or correspondence regarding same by the Louisiana State Department of Public Safety and Corrections (DPSC);
e. All reviews, audits, inspections, and / or accreditation reports by the National Commission on Correctional Health Care (NCCHC);

f. All reviews, audits, inspections, and / or accreditation reports by the American Correctional Association (ACA); and
g. All inspections, reports, correspondence, and / or citations by Louisiana State Fire Marshal.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case in that it seeks production of "all reviews, reports, audits and investigations, reports, correspondence" at "all facilities" holding both pretrial detainees and DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

36. Any document generated related to intake, processing, and classification procedures in effect for when Robert Young, Earldarius Brooks, Zachary Northrup entered Catahoula Correctional Center, including but not limited to:

a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;
b. Master prison form;
c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;
d. Jail credit letter;
e. Documents dealing with arrest information, criminal history, medical history

and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;

f. Documents generated by all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms, questionnaires, interview protocols conducted in reference to re-classification and / or classification review.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to Bates Numbers DPSC 000001 - 000004. Defendant may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

37. All weekly, monthly, quarterly or annual reports on security threat groups, from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention, fails to identify and/or define the term "security threat groups" a term not even mentioned in Plaintiff's complaint, and is not relevant or proportional to the claims at issue or needs of the case. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

38. All records of requests for protective custody at Catahoula Correctional Center from January 1, 2019 to present, including answers and / or resolutions of any such request.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

39. All policies and procedures for tracking, reporting and responding to critical incidents, suspicious injuries, observed altercations, reports of altercations among prisoners from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter,

Civil Action No. 21-592. This Request should be directed to the local facility.

40. All documents, reports, and / or data pertaining to any tracking, reporting, response to critical incidents, suspicious injuries, observed altercations, or reports of altercations among prisoners at Catahoula Correctional Center, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

41. All documents pertaining to policy, procedure and practice investigating incident reports and / or reports of prisoner altercations and / or violence at Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and

operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

42. All documents, policies, procedures, meeting minutes, emails or other records pertaining to any housing unit assignment plan, identification of classification designations, identification of housing populations, and / or the creation of any unit specifically designated to hold pre-trial people at any local facility holding sentenced people in DPSC custody, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

43. All documents pertaining to policy, procedure and practice of issuing disciplinary "write-ups" at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

44. All documents pertaining to policy, procedure and practice of placing prisoners in administrative segregation or "lock-down" at any local facility holding people serving a sentence in DPSC custody, from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees

of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

45. All documents pertaining to policy, procedure and practice of escorting prisoners for medical care after altercation with another prisoner at any local facility holding people serving a sentence in DPSC custody from August 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

46. All documents pertaining to policy, procedure and practice for routing prisoners to the hospital or any other provider for outside medical care at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

47. From any local facility holding people serving a sentence in DPSC custody, all documents reflecting shakedowns from January 1, 2019 to present, including but not limited to:

a. shakedown logs;
b. contraband reports;
c. investigations arising from shakedowns, and
d. disciplinary actions taken against inmates and against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "shakedowns" "contrabands" and related investigations, none of which are at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections,

Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

48. From any local facility holding people serving a sentence in DPSC custody, all documents pertaining to contraband from January 1, 2019 to present, including but not limited to:

a. Contraband reports;
b. investigations into contraband;
c. All disciplinary action taken against inmates and against corrections staff pertaining to contraband;
d. All criminal charges filed against inmates pertaining to contraband;
e. disposition of any charges filed against inmates;
f. All criminal charges filed against corrections staff pertaining to contraband; and
g. disposition of any charges filed against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "contraband" issues, a matter not at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

49. All medical records, including photographs for Robert Young from June 1, 2020 to present.

**RESPONSE:**

Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not

in possession of documents responsive to this Request. This Request should be directed to the local facility.

50. From any local facility holding sentenced people in DPSC custody, all documents, including medical logs, tier logs, trip sheets, count logs reflecting requests for treatment, treatment, and / or observation of lacerations, puncture wounds, orbital fractures, black eyes, and / or bruising from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

51. From any local facility holding sentenced people in DPSC custody, all trip sheets for emergency or unscheduled trips to any hospital from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

52. For Robert Young, Earldarius Brooks, Zachary Northrup, Larry Smith, Huey Vallaire, Dalton Jaquillard, Montrell Rogers, Christopher Hasty, Kevin Percle, Bobby Buras, and Raymond Howard, please produce the following:

a. Inmate folder, including but not limited to booking records, photo, classification, and property receipts;
b. all incident reports for all incident;
c. all investigation;
d. use of force reports;
e. disciplinary write ups, reports or disciplinary board records provided to prisoners;
f. disciplinary write ups, reports or other action taken against corrections officers or staff related to the incident;
g. grievances, internal complaints, requests for administrative reviews, and responses;
h. any suits or other filings made by prisoners and documents related to those filings;
i. any documents related to any settlement or agreements to resolve any filed complaints made by prisoners;
j. trip sheets;
k. transfer orders;
l. log books and recordings, including video recordings for each area and location where the above listed individuals were incarcerated during any time at Catahoula Correctional Center;
m. complete files from any investigation into any incident involving any of the above listed;
n. and any e-mails, text messages or other documents referring to these names or individuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and impermissibly drafted such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. In addition, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy

makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

53. All policies in place (whether formal or informal) from August 1, 2019, to present regarding document and video retention, video monitoring, recording, camera acquisition and camera maintenance schedules, at local facilities which hold DPSC inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

54. Please produce employment records for the following individuals:

a. Seth Smith
b. James LeBlanc
c. Megan Wintz Kent
d. Duane Cambre

For the above listed corrections staff, please produce the following documents related to their employment at Louisiana DPSC, Catahoula Parish Detention Center, Calcasieu Parish Sheriff's Office:

i. C.V. / Resume
ii. employment application
iii. pre-employment and background investigation

iv. hiring
v. orientation and training, both initial and in-service
vi. Supervision, including supervisor records and files
vii. Job performance evaluations
viii. Continuing education certifications
ix. Assignments
x. Incident Reports
xi. Complaints
xii. Investigations
xiii. Grievances
xiv. Disciplinary Actions
xv. Commendations
xvi. Certifications
xvii. Licenses

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks private and confidential information regarding current and/or former DPSC employees, of which Defendants are not in custody, possession or control and which may be protected from disclosure. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

LIZ MURRILL
ATTORNEY GENERAL

*s/ Allen J. Krouse, III*
ALLEN J. KROUSE, III (La. Bar #14426)
RENEE G. CULOTTA (La. Bar #24436)
SUZANNE M. RISEY (La. Bar #25488)
FRILOT LLC
Special Assistant Attorneys General
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163

Telephone: (504) 599-8000
Fax: (504) 599-8100
Email: akrouse@frilot.com; rculotta@frilot.com;
srisey@frilot.com
***Attorneys for Defendants, James LeBlanc and Seth Smith***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/Allen J. Krouse, III*

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT YOUNG,**<br>**Plaintiff** | *<br>*<br>* | **Civil Action No. 23-681** |
| **VERSUS** | *<br>* | **District Judge: Shelly D. Dick** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY, ET AL**<br>**Defendants** | *<br>*<br>* | **Magistrate Judge:**<br>**Richard L. Bourgeois** |

***********************************************

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, come Defendants, James M. LeBlanc,[1] Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") and Seth Smith, Chief of Operation of DPSC ("Defendants"), who, provide the following Supplemental responses and objections to the Requests for Production of Documents, including Requests Numbers 1, 2, 5, 12, 29, 36 and 52, served by Plaintiff, Robert Young, on September 11, 2024.

**GENERAL OBJECTIONS**

Defendants generally object to Plaintiff's Requests for Production as follows:

1. Defendants object to each instruction and definition set forth in Plaintiff's discovery requests to the extent they purport to impose any requirement or discovery obligation upon Defendants responding herein greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and/or Orders of this Court.

---

[1] On August 29, 2024, Governor Jeff Landry appointed Gary Westcott as the new Secretary of the Louisiana Department of Public Safety and Corrections, replacing Defendant Secretary LeBlanc, who resigned from the position on August 28, 2024. Pursuant to Fed. R. Civ. P. Rule 25(d), Gary Westcott is automatically substituted for James LeBlanc in his official capacity.

.

2. Defendants generally object to Plaintiff's discovery requests on grounds the Requests exceed the scope of the litigation, are not proportional to the needs of the case and/or are irrelevant and immaterial to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's discovery requests are not tailored to the allegations and/or claims against Defendants or to the alleged incident involving Plaintiff and/or the facility in question, and are unduly burdensome. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial of any of the information and/or documents referenced or provided.

3. Defendants generally object to Plaintiff's discovery requests to the extent they seek the knowledge of the State of Louisiana and Department of Public Safety & Corrections, an entity. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

4. The following are the responses of Defendants prepared by counsel based upon reasonable investigation conducted and information assembled to date. Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if inadvertent errors are discovered, is specifically reserved. These responses are also given without prejudice to Defendants' right to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

5. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained therein, as if any statements contained therein were made by a witness present and testifying in court, all of which objections and grounds are expressly reserved to be interposed in motions at the time of trial.

6. Defendants generally object to Plaintiff's discovery requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege, such information will not be provided.

7. Defendants generally object to the extent Plaintiff's discovery requests seek the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of Defendants' attorneys, and to the extent the discovery requires disclosure of the mental impressions, conclusions or opinions of Defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

8. Defendants have engaged in a diligent and good faith effort to respond to the discovery requests propounded by Plaintiff. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts,

and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions, changes to and variations from the answers set forth. The following answers are made without prejudice to the right of Defendants to provide additional evidence at the time of trial.

9. **These General Objections are applicable to every discovery request below and all responses thereto and are incorporated therein**.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All drafts, reviews, revisions and / or edits to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers **DPSC-000005 – DPSC-000060**, produced on December 4, 2024.

2. All documents, memorandums, meetings minutes, emails, drafts, redlines, comments or other records pertaining to initial development and any revisions to the Basic Jail

Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Notwithstanding, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers **DPSC-000005 – DPSC-000060**, produced on December 4, 2024.

3. All contracts for services related to holding sentenced individuals in custody of DPSC in local facilities owned and / or operated by local parish sheriff, law enforcement district and / or any private corrections contractor from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the

facility is located, at issue in Plaintiff's complaint and fails to properly define "contracts for services related to holding sentenced individuals," rendering the Request inappropriately vague. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

4. All audits, reviews, reports, investigations, inspections, reports, complaints, monitoring reports related to BJG inspections and certifications of local facilities for any correctional or detention facility owned and / or operated by a local sheriff, law enforcement district, and / or private corrections contractor from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

5. All written procedures or plans for significant unusual occurrences or facility emergencies including riots, deaths, serious illness or injury and assaults or other acts of violence

pursuant to BJG I-C-001 from any parish holding DPSC prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state they are not in possession of additional documents responsive to this Request other than what was produced in response to Request Number 5 in the *Murray* matter, which included Department Regulation No. AM-I-4 dated July 24, 2018.

6. All written reports, notifications, phone messages, emails, text messages, or any other documentation of prisoner deaths, including but not limited to notifications via written form C-05-001-X, from any entity or individual responsible for reporting from any local facility pursuant to BJG IV-C-015 from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint, and further seeks documentation regarding "prisoner deaths" when the issue of prisoner deaths has no bearing or relevance to Plaintiff's claims in this case; Plaintiff is not deceased.

7. All monthly reports of activities to the Chief of Operations pursuant to BJG IV-C-015, IV-C-016 VIII-B-008 and LDPSC regulation C-05-001 / AM-1-4 and all automated reporting by the DPSC Regional Team Leader for the Central Region from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish or region in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, and; thus, are not proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's

counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

8. All records, logs, and documents of staff deployment, staffing plan, staffing schedules, annual review of staffing analysis and plan to comply with BJG II-A-001, BJG II-A-003, and BJG II-A-006, from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

9. All facility logs, records or other documentation of transfers of DPSC prisoners to non-DPSC facilities to comply with BJG II-A-019 from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

10. All documentation, records, meeting minutes, emails, forms, policies, procedures received and / or reviewed related to Catahoula Correctional Center's compliance with Basic Jail Guidelines from January 1, 2019 to present including but not limited:

   a. Organization and staffing plans
   b. Annual review of facility staffing plans
   c. Staff logs
   d. Facility logs
   e. Unusual occurrence reports
   f. Any incidents reportable to DPSC
   g. All reports related to Offender Population Management
   h. Detainee and prisoner housing records
   i. Detainee and prisoner classification records
   j. Documentation of drug and alcohol testing of detainees and prisoners
   k. Deaths of detainees or prisoners

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

11. All records, curriculum, power points, meeting minutes, sign in sheets or other documents related to training, supervision, and evaluation of regional Basic Jail Guidelines Team Leaders for each DPSC region, including but not limited to any materials related to conferences for Team Leaders hosted in or around Lake Charles from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region

or parish in which the facility is located, at issue in Plaintiff's complaint and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

12. All BJG Quarterly Summary Reports for all DPSC Regions, including but not limited to the Capital Region, Central Region, Florida Parishes, Northeast Region, Northwest Region, Southeast Region, Southeast Central Region, Southwest Central Region, Southwest Region from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, relevant or proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**<u>SUPPLEMENTAL RESPONSE:</u>**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state they are not in possession of additional documents responsive to this Request. In the *Murray* matter, BJG Quarterly reports were produced for the requested regions through March 2022. As this report is no longer produced, Defendants are not in possession of additional documents responsive to this Request. This Supplemental Response applies to any other Requests herein which seek production of the BJQ Quarterly Reports and/or any information contained therein.

13. All monthly reports generated pursuant to state statute, including but not limited to LA RS 15:566 A and/or LA RS 15:824 (d)-(e), from any sheriff, law enforcement district, or local parish governing authority and / or any other responsible entity reflecting the number of DPSC prisoners and compensation paid by DPSC from January 1, 2019 to present for any parish where DPSC sentenced people are held.

**<u>RESPONSE:</u>**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

14. All CFACILITY reports generated for the last week of each month from January 1, 2021 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint.

15. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all facilities DPSC has found in non-compliance with any BJG provision from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

16. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all plans developed by DPSC, local sheriff's office, parish law enforcement district, the entity operating a facility, and / or any other entity related to the ownership, operation, or custody of people in a facility not in compliance with any BJG provision to bring the facility into compliance from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

17. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all audits, inspections, reviews, or other efforts undertaken by DPSC to re-assess a facility's BJG compliance after a finding of non-compliance conducted between January 1, 2019 and present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

18. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all studies, consultations, reports, reviews, audits, or any other effort undertaken by DPSC to assess the validity of BJG audits of local facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to any time period, any relevant time period related to Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further

object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

19. All policies, procedures, regulations, statutes, or other documents pertaining to all master staffing plans, including all documents or other records showing approved staffing for Catahoula Correctional Center, from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

20. All policies, procedures, documents, forms, charts or other records pertaining to all posts at Catahoula Correctional Center, as well as all priority posts and backfill procedures from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement

of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

21. All policies, procedures, directives, and / or post orders for corrections officers assigned to the following posts at any local facilities housing DPSC prisoners:

a. Key control;
b. Walk through supervision of units;
c. Investigations;
d. Transportation;
e. Intake and booking;
f. Classification.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to any time frame whatsoever, much less the relevant time period of Plaintiff's detention. In addition, this Request is unduly burdensome and is not limited to the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and therefore, is not relevant or proportional to the claims, issues or needs of the case. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

22. All documents reflecting the number of positions filled and the number of positions vacant for uniformed corrections officer positions at Catahoula Correctional Center from February 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

23. All documents pertaining to or reflecting the organizational structure of Catahoula Correctional Center in effect from July 1, 2020 through present, including administration and security positions, chain of command and relationship and communication between various departments and facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is not limited to the relevant time period of Plaintiff's detention and on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without

waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

24. All summary data and / or reports reflecting staff turnover for deputies, sergeants, lieutenants, captains, corporals, and majors at Catahoula Correctional Center from July 1, 2019, through present, including but not limited to:

a. Attrition rates for each employment level;
b. Promotions within Catahoula Parish Sheriff's Office;
c. Demotions within the Catahoula Parish Sheriff's Office;
d. Transfers from Catahoula Correctional Center to other correctional institutions;
e. Transfers from any Calcasieu Parish correctional facility to other correctional institutions;
f. Voluntary departures of staff, i.e., resignations, retirement;
g. Involuntary departures of staff, i.e., terminations for cause.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

25. All summary data and / or reports reflecting Catahoula Parish Sheriff's Office staff disciplinary investigation and / or disciplinary action taken against Catahoula Parish Sheriff's Office staff from July 1, 2019 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the Catahoula Sheriff's Office.

26. All summary data and / or reports reflecting LDPSC disciplinary investigations and / or disciplinary actions taken against DPSC staff from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad in that it seeks "all" disciplinary investigations and disciplinary actions," with absolutely no limitation on the nature, type or scope thereof, against all "DPSC staff," and is in no way limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint, and therefore, is unduly burdensome, not relevant or proportional to the claims, issues or needs of the case. Notwithstanding, Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail.

27. All contracts with third parties related to operations at Catahoula Correctional Center in effect from January 1, 2014 to the present, including but not limited to:

a. Contracts between Catahoula Parish Sheriff's Office and LaSalle Management;
b. Contracts between Catahoula Parish Sheriff's Office and Calcasieu Parish Sheriff's Office;
c. Contracts between Catahoula Parish Sheriff's Office and / or Department of Corrections to provide operational services and / or leases;
d. Contracts with any hospital or individual health care providers to provide personnel for medical care for Catahoula Parish Sheriff's Office;
e. Contracts with any employment agency, individuals to provide additional administrative staffing;
f. Contracts with any corrections agency, corporation, or individuals to provide additional corrections staffing;
g. Contracts with emergency transport company, emergency medical services, or any ambulance service to provide emergency transportation of inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

28. All policies and procedures regarding outside hospital billing for services to Catahoula Correctional Center, Catahoula Parish Sheriff's Office, Calcasieu Parish Sheriff's Office and/or DPSC from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

29. All bills for medical service provided to Robert Young sent by an outside hospital or medical provider while he was in custody of Catahoula Parish Sheriff's Office and/ or Calcasieu Parish Sheriff's Office.

**RESPONSE:**

Defendants object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state this Request should be directed to the

local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to **Bates Number DPSC- 000061-000062**.

30. All policies and procedures in effect at all facilities comprising Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds that it is impermissibly vague as it does not define "all facilities," and is not limited to policies or procedures relevant to the issues in Plaintiff's complaint. Defendants further object to this Request on grounds they are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

31. All documents and other records pertaining to orientation training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff used to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

   a. Training academy schedule and dates for all recruits or new hire academies;
   b. Training curriculum, including each curriculum topic, and hours for each

c. Instructor for each curriculum topic;
d. Lesson plans for each curriculum topic;
e. Tests and / or exams for each curriculum topic;
f. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
g. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

32. All documents and other records pertaining to in-service training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

a. Training academy schedule and dates for all in-service academies;
b. Training curriculum, including each curriculum topic, and hours for each
c. Instructor for each curriculum topic;
d. Lesson plans for each curriculum topic;
e. Tests and / or exams for each curriculum topic;
f. Student records of attendance and student test or exam performance for each topic for each academy;
g. The numbers of students beginning each academy and the numbers of students successfully completing each academy;

h. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

33. All policies and procedures in effect at all facilities holding people serving a sentence in the DPSC from January 1, 2019 to present regarding prisoner classification, responses to prisoner reports of threats, investigation of reports of threats, observation and supervision of prisoner housing units including but not limited to

a. All forms, narratives, log books, or other reporting documents to report any signs of increasing tension on a dorm or tier;
b. All curriculums, syllabi, handouts, and any other documents pertaining to training to observing prisoners for signs of tensions, intimidation, threats to among prisoners on housing units.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue in Plaintiff's complaint or relevant time period of Plaintiff's detention, unduly burdensome and is not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced

prisoners." Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

34. All policies and procedures regarding post- critical incident reviews, re-training, meetings, discussions in effect from January 1, 2019, to present at all facilities holding people serving a sentence in the DPSC.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

35. All reports, reviews, audits, investigations of all facilities located in Louisiana used to hold pretrial detainees and people in DPSC custody within the last five years including but not limited to:

a. All letters of finding issued by the Department of Justice (DOJ);
b. All reviews, investigations, and / or letters of finding by the Department of Homeland Security;
c. All reviews, audits, and / or technical assistance reports issued by the National Institute of Corrections (NIC);
d. All reviews, audits, inspections, and / or correspondence regarding same by the Louisiana State Department of Public Safety and Corrections (DPSC);
e. All reviews, audits, inspections, and / or accreditation reports by the National Commission on Correctional Health Care (NCCHC);
f. All reviews, audits, inspections, and / or accreditation reports by the American Correctional Association (ACA); and
g. All inspections, reports, correspondence, and / or citations by Louisiana State Fire Marshal.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case in that it seeks production of "all reviews, reports, audits and investigations, reports, correspondence" at "all facilities" holding both pretrial detainees and DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than

documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

36. Any document generated related to intake, processing, and classification procedures in effect for when Robert Young, Earldarius Brooks, Zachary Northrup entered Catahoula Correctional Center, including but not limited to:

   a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;
   b. Master prison form;
   c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;
   d. Jail credit letter;
   e. Documents dealing with arrest information, criminal history, medical history and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;
   f. Documents generated by all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms, questionnaires, interview protocols conducted in reference to re-classification and / or classification review.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to Bates Numbers DPSC 000001 - 000004. Defendant may supplement this response should they determine they are in possession of

documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers **DPSC-000071-000079** for documents related to EarlDarius Brooks.

37. All weekly, monthly, quarterly or annual reports on security threat groups, from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention, fails to identify and/or define the term "security threat groups" a term not even mentioned in Plaintiff's complaint, and is not relevant or proportional to the claims at issue or needs of the case. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

38. All records of requests for protective custody at Catahoula Correctional Center from January 1, 2019 to present, including answers and / or resolutions of any such request.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and

operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

39. All policies and procedures for tracking, reporting and responding to critical incidents, suspicious injuries, observed altercations, reports of altercations among prisoners from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

40. All documents, reports, and / or data pertaining to any tracking, reporting, response to critical incidents, suspicious injuries, observed altercations, or reports of altercations among prisoners at Catahoula Correctional Center, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees.

Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

41. All documents pertaining to policy, procedure and practice investigating incident reports and / or reports of prisoner altercations and / or violence at Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

42. All documents, policies, procedures, meeting minutes, emails or other records pertaining to any housing unit assignment plan, identification of classification designations, identification of housing populations, and / or the creation of any unit specifically designated to hold pre-trial people at any local facility holding sentenced people in DPSC custody, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

43. All documents pertaining to policy, procedure and practice of issuing disciplinary "write-ups" at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily

management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

44. All documents pertaining to policy, procedure and practice of placing prisoners in administrative segregation or "lock-down" at any local facility holding people serving a sentence in DPSC custody, from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

45. All documents pertaining to policy, procedure and practice of escorting prisoners for medical care after altercation with another prisoner at any local facility holding people serving a sentence in DPSC custody from August 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

46. All documents pertaining to policy, procedure and practice for routing prisoners to the hospital or any other provider for outside medical care at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily

management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

47. From any local facility holding people serving a sentence in DPSC custody, all documents reflecting shakedowns from January 1, 2019 to present, including but not limited to:

a. shakedown logs;
b. contraband reports;
c. investigations arising from shakedowns, and
d. disciplinary actions taken against inmates and against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "shakedowns" "contrabands" and related investigations, none of which are at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

48. From any local facility holding people serving a sentence in DPSC custody, all documents pertaining to contraband from January 1, 2019 to present, including but not limited to:

a. Contraband reports;
b. investigations into contraband;
c. All disciplinary action taken against inmates and against corrections staff pertaining to contraband;

d. All criminal charges filed against inmates pertaining to contraband;
e. disposition of any charges filed against inmates;
f. All criminal charges filed against corrections staff pertaining to contraband; and
g. disposition of any charges filed against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "contraband" issues, a matter not at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

49. All medical records, including photographs for Robert Young from June 1, 2020 to present.

**RESPONSE:**

Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

50. From any local facility holding sentenced people in DPSC custody, all documents, including medical logs, tier logs, trip sheets, count logs reflecting requests for treatment, treatment, and / or observation of lacerations, puncture wounds, orbital fractures, black eyes, and / or bruising from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not

limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

51. From any local facility holding sentenced people in DPSC custody, all trip sheets for emergency or unscheduled trips to any hospital from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

52. For Robert Young, Earldarius Brooks, Zachary Northrup, Larry Smith, Huey Vallaire, Dalton Jaquillard, Montrell Rogers, Christopher Hasty, Kevin Percle, Bobby Buras, and Raymond Howard, please produce the following:

a. Inmate folder, including but not limited to booking records, photo, classification, and property receipts;
b. all incident reports for all incident;
c. all investigation;
d. use of force reports;
e. disciplinary write ups, reports or disciplinary board records provided to prisoners;
f. disciplinary write ups, reports or other action taken against corrections officers or staff related to the incident;
g. grievances, internal complaints, requests for administrative reviews, and responses;

h. any suits or other filings made by prisoners and documents related to those filings;
i. any documents related to any settlement or agreements to resolve any filed complaints made by prisoners;
j. trip sheets;
k. transfer orders;
l. log books and recordings, including video recordings for each area and location where the above listed individuals were incarcerated during any time at Catahoula Correctional Center;
m. complete files from any investigation into any incident involving any of the above listed;
n. and any e-mails, text messages or other documents referring to these names or individuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and impermissibly drafted such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. In addition, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers **DPSC-000063-000070** for documents related to Dalton Jaquillard.

53. All policies in place (whether formal or informal) from August 1, 2019, to present regarding document and video retention, video monitoring, recording, camera acquisition and camera maintenance schedules, at local facilities which hold DPSC inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

54. Please produce employment records for the following individuals:

a. Seth Smith
b. James LeBlanc
c. Megan Wintz Kent
d. Duane Cambre

For the above listed corrections staff, please produce the following documents related to their employment at Louisiana DPSC, Catahoula Parish Detention Center, Calcasieu Parish Sheriff's Office:

i. C.V. / Resume
ii. employment application
iii. pre-employment and background investigation
iv. hiring
v. orientation and training, both initial and in-service
vi. Supervision, including supervisor records and files
vii. Job performance evaluations
viii. Continuing education certifications
ix. Assignments
x. Incident Reports

xi. Complaints
xii. Investigations
xiii. Grievances
xiv. Disciplinary Actions
xv. Commendations
xvi. Certifications
xvii. Licenses

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks private and confidential information regarding current and/or former DPSC employees, of which Defendants are not in custody, possession or control and which may be protected from disclosure. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

LIZ MURRILL
ATTORNEY GENERAL

*s/ Allen J. Krouse, III*
ALLEN J. KROUSE, III (La. Bar #14426)
RENEE G. CULOTTA (La. Bar #24436)
SUZANNE M. RISEY (La. Bar #25488)
FRILOT LLC
Special Assistant Attorneys General
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8000
Fax: (504) 599-8100
Email: akrouse@frilot.com; rculotta@frilot.com; srisey@frilot.com
***Attorneys for Defendants, James LeBlanc and Seth Smith***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/ Allen J. Krouse, III*

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT YOUNG,**<br>**Plaintiff** | *<br>*<br>* | **Civil Action No. 23-681** |
| **VERSUS** | *<br>* | **District Judge: Shelly D. Dick** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY, ET AL**<br>**Defendants** | *<br>*<br>* | **Magistrate Judge: Richard L. Bourgeois** |

****************************************

**SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, come Defendants, James M. LeBlanc,[1] Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") and Seth Smith, Chief of Operation of DPSC ("Defendants"), who, provide the following Second Supplemental responses and objections to the Requests for Production of Documents, including Requests Numbers 13 and 54, served by Plaintiff, Robert Young, on September 11, 2024.

**GENERAL OBJECTIONS**

Defendants generally object to Plaintiff's Requests for Production as follows:

1. Defendants object to each instruction and definition set forth in Plaintiff's discovery requests to the extent they purport to impose any requirement or discovery obligation upon Defendants responding herein greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and/or Orders of this Court.

2. Defendants generally object to Plaintiff's discovery requests on grounds the Requests exceed the scope of the litigation, are not proportional to the needs of the case and/or are irrelevant and immaterial to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's discovery requests are not tailored to the allegations and/or claims against Defendants or to the alleged incident involving Plaintiff and/or the facility in question, and are unduly

[1] On August 29, 2024, Governor Jeff Landry appointed Gary Westcott as the new Secretary of the Louisiana Department of Public Safety and Corrections, replacing Defendant Secretary LeBlanc, who resigned from the position on August 28, 2024. Pursuant to Fed. R. Civ. P. Rule 25(d), Gary Westcott is automatically substituted for James LeBlanc in his official capacity.

burdensome. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial of any of the information and/or documents referenced or provided.

3. Defendants generally object to Plaintiff's discovery requests to the extent they seek the knowledge of the State of Louisiana and Department of Public Safety & Corrections, an entity. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

4. The following are the responses of Defendants prepared by counsel based upon reasonable investigation conducted and information assembled to date. Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if inadvertent errors are discovered, is specifically reserved. These responses are also given without prejudice to Defendants' right to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

5. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained therein, as if any statements contained therein were made by a witness present and testifying in court, all of which objections and grounds are expressly reserved to be interposed in motions at the time of trial.

6. Defendants generally object to Plaintiff's discovery requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege, such information will not be provided.

7. Defendants generally object to the extent Plaintiff's discovery requests seek the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of Defendants' attorneys, and to the extent the discovery requires disclosure of the mental impressions, conclusions or opinions of Defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

8. Defendants have engaged in a diligent and good faith effort to respond to the discovery requests propounded by Plaintiff. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions, changes to and variations from the answers set forth. The following answers are made without prejudice to the right of Defendants to provide additional evidence at the time of trial.

9. These General Objections are applicable to every discovery request below and all responses thereto and are incorporated therein.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All drafts, reviews, revisions and / or edits to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000005 – DPSC-000060, produced on December 4, 2024.

2. All documents, memorandums, meetings minutes, emails, drafts, redlines, comments or other records pertaining to initial development and any revisions to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs

of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Notwithstanding, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000005 – DPSC-000060, produced on December 4, 2024.

3. All contracts for services related to holding sentenced individuals in custody of DPSC in local facilities owned and / or operated by local parish sheriff, law enforcement district and / or any private corrections contractor from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and fails to properly define "contracts for services related to holding sentenced individuals," rendering the Request inappropriately vague. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff

to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

4. All audits, reviews, reports, investigations, inspections, reports, complaints, monitoring reports related to BJG inspections and certifications of local facilities for any correctional or detention facility owned and / or operated by a local sheriff, law enforcement district, and / or private corrections contractor from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

5. All written procedures or plans for significant unusual occurrences or facility emergencies including riots, deaths, serious illness or injury and assaults or other acts of violence pursuant to BJG I-C-001 from any parish holding DPSC prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC

sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state they are not in possession of additional documents responsive to this Request other than what was produced in response to Request Number 5 in the *Murray* matter, which included Department Regulation No. AM-I-4 dated July 24, 2018.

6. All written reports, notifications, phone messages, emails, text messages, or any other documentation of prisoner deaths, including but not limited to notifications via written form C-05-001-X, from any entity or individual responsible for reporting from any local facility pursuant to BJG IV-C-015 from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint, and further seeks documentation regarding

"prisoner deaths" when the issue of prisoner deaths has no bearing or relevance to Plaintiff's claims in this case; Plaintiff is not deceased.

7. All monthly reports of activities to the Chief of Operations pursuant to BJG IV-C-015, IV-C-016 VIII-B-008 and LDPSC regulation C-05-001 / AM-1-4 and all automated reporting by the DPSC Regional Team Leader for the Central Region from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish or region in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, and; thus, are not proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

8. All records, logs, and documents of staff deployment, staffing plan, staffing schedules, annual review of staffing analysis and plan to comply with BJG II-A-001, BJG II-A-003, and BJG II-A-006, from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

9. All facility logs, records or other documentation of transfers of DPSC prisoners to non-DPSC facilities to comply with BJG II-A-019 from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the

custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

10. All documentation, records, meeting minutes, emails, forms, policies, procedures received and / or reviewed related to Catahoula Correctional Center's compliance with Basic Jail Guidelines from January 1, 2019 to present including but not limited:

   a. Organization and staffing plans
   b. Annual review of facility staffing plans
   c. Staff logs
   d. Facility logs
   e. Unusual occurrence reports
   f. Any incidents reportable to DPSC
   g. All reports related to Offender Population Management
   h. Detainee and prisoner housing records
   i. Detainee and prisoner classification records
   j. Documentation of drug and alcohol testing of detainees and prisoners
   k. Deaths of detainees or prisoners

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this

Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

11. All records, curriculum, power points, meeting minutes, sign in sheets or other documents related to training, supervision, and evaluation of regional Basic Jail Guidelines Team Leaders for each DPSC region, including but not limited to any materials related to conferences for Team Leaders hosted in or around Lake Charles from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in which the facility is located, at issue in Plaintiff's complaint and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

12. All BJG Quarterly Summary Reports for all DPSC Regions, including but not limited to the Capital Region, Central Region, Florida Parishes, Northeast Region, Northwest Region, Southeast Region, Southeast Central Region, Southwest Central Region, Southwest Region from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, relevant or proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state they are not in possession of additional documents responsive to this Request. In the *Murray* matter, BJG Quarterly reports were produced for the requested regions through March 2022. As this report is no longer produced, Defendants are not in possession of additional documents responsive to this Request. This Supplemental Response applies to any other Requests herein which seek production of the BJQ Quarterly Reports and/or any information contained therein.

13. All monthly reports generated pursuant to state statute, including but not limited to LA RS 15:566 A and/or LA RS 15:824 (d)-(e), from any sheriff, law enforcement district, or local parish governing authority and / or any other responsible entity reflecting the number of DPSC prisoners and compensation paid by DPSC from January 1, 2019 to present for any parish where DPSC sentenced people are held.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-00080 - 000752 which includes responsive documents for FY24 (July 2023) through FY25 (October 2024) for Catahoula Correctional Center. Responsive documents for FY21, FY22 and FY23 were previously produced to Plaintiff's counsel in the *Murray* matter.

14. All CFACILITY reports generated for the last week of each month from January 1, 2021 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint.

15. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all facilities DPSC has found in non-compliance with any BJG provision from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

16. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all plans developed by DPSC, local sheriff's office, parish law enforcement district, the entity operating a facility,

and / or any other entity related to the ownership, operation, or custody of people in a facility not in compliance with any BJG provision to bring the facility into compliance from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

17. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all audits, inspections, reviews, or other efforts undertaken by DPSC to re-assess a facility's BJG compliance after a finding of non-compliance conducted between January 1, 2019 and present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff,

who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

18. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all studies, consultations, reports, reviews, audits, or any other effort undertaken by DPSC to assess the validity of BJG audits of local facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to any time period, any relevant time period related to Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

19. All policies, procedures, regulations, statutes, or other documents pertaining to all master staffing plans, including all documents or other records showing approved staffing for Catahoula Correctional Center, from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

20. All policies, procedures, documents, forms, charts or other records pertaining to all posts at Catahoula Correctional Center, as well as all priority posts and backfill procedures from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants

state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

21. All policies, procedures, directives, and / or post orders for corrections officers assigned to the following posts at any local facilities housing DPSC prisoners:

a. Key control;
b. Walk through supervision of units;
c. Investigations;
d. Transportation;
e. Intake and booking;
f. Classification.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to any time frame whatsoever, much less the relevant time period of Plaintiff's detention. In addition, this Request is unduly burdensome and is not limited to the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and therefore, is not relevant or proportional to the claims, issues or needs of the case. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

22. All documents reflecting the number of positions filled and the number of positions vacant for uniformed corrections officer positions at Catahoula Correctional Center from February 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

23. All documents pertaining to or reflecting the organizational structure of Catahoula Correctional Center in effect from July 1, 2020 through present, including administration and security positions, chain of command and relationship and communication between various departments and facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is not limited to the relevant time period of Plaintiff's detention and on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

24. All summary data and / or reports reflecting staff turnover for deputies, sergeants, lieutenants, captains, corporals, and majors at Catahoula Correctional Center from July 1, 2019, through present, including but not limited to:

a. Attrition rates for each employment level;
b. Promotions within Catahoula Parish Sheriff's Office;
c. Demotions within the Catahoula Parish Sheriff's Office;
d. Transfers from Catahoula Correctional Center to other correctional institutions;
e. Transfers from any Calcasieu Parish correctional facility to other correctional institutions;
f. Voluntary departures of staff, i.e., resignations, retirement;
g. Involuntary departures of staff, i.e., terminations for cause.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

25. All summary data and / or reports reflecting Catahoula Parish Sheriff's Office staff disciplinary investigation and / or disciplinary action taken against Catahoula Parish Sheriff's Office staff from July 1, 2019 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the Catahoula Sherriff's Office.

26. All summary data and / or reports reflecting LDPSC disciplinary investigations and / or disciplinary actions taken against DPSC staff from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad in that it seeks "all" disciplinary investigations and disciplinary actions," with absolutely no limitation on the nature, type or scope thereof, against all "DPSC staff," and is in no way limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint, and therefore, is unduly burdensome, not relevant or proportional to the claims, issues or needs of the case. Notwithstanding, Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail.

27. All contracts with third parties related to operations at Catahoula Correctional Center in effect from January 1, 2014 to the present, including but not limited to:

a. Contracts between Catahoula Parish Sheriff's Office and LaSalle Management;
b. Contracts between Catahoula Parish Sheriff's Office and Calcasieu Parish Sheriff's Office;

c. Contracts between Catahoula Parish Sheriff's Office and / or Department of Corrections to provide operational services and / or leases;
d. Contracts with any hospital or individual health care providers to provide personnel for medical care for Catahoula Parish Sheriff's Office;
e. Contracts with any employment agency, individuals to provide additional administrative staffing;
f. Contracts with any corrections agency, corporation, or individuals to provide additional corrections staffing;
g. Contracts with emergency transport company, emergency medical services, or any ambulance service to provide emergency transportation of inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

28. All policies and procedures regarding outside hospital billing for services to Catahoula Correctional Center, Catahoula Parish Sheriff's Office, Calcasieu Parish Sheriff's Office and/or DPSC from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

29. All bills for medical service provided to Robert Young sent by an outside hospital or medical provider while he was in custody of Catahoula Parish Sheriff's Office and/ or Calcasieu Parish Sheriff's Office.

**RESPONSE:**

Defendants object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state this Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response

above, Defendants refer Plaintiff to Bates Number DPSC- 000061-000062.

30. All policies and procedures in effect at all facilities comprising Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds that it is impermissibly vague as it does not define "all facilities," and is not limited to policies or procedures relevant to the issues in Plaintiff's complaint. Defendants further object to this Request on grounds they are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

31. All documents and other records pertaining to orientation training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff used to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

a. Training academy schedule and dates for all recruits or new hire academies;
b. Training curriculum, including each curriculum topic, and hours for each
c. Instructor for each curriculum topic;
d. Lesson plans for each curriculum topic;
e. Tests and / or exams for each curriculum topic;
f. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
g. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

32. All documents and other records pertaining to in-service training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

    a. Training academy schedule and dates for all in-service academies;
    b. Training curriculum, including each curriculum topic, and hours for each
    c. Instructor for each curriculum topic;
    d. Lesson plans for each curriculum topic;
    e. Tests and / or exams for each curriculum topic;
    f. Student records of attendance and student test or exam performance for each topic for each academy;
    g. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
    h. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement

of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

33. All policies and procedures in effect at all facilities holding people serving a sentence in the DPSC from January 1, 2019 to present regarding prisoner classification, responses to prisoner reports of threats, investigation of reports of threats, observation and supervision of prisoner housing units including but not limited to

a. All forms, narratives, log books, or other reporting documents to report any signs of increasing tension on a dorm or tier;
b. All curriculums, syllabi, handouts, and any other documents pertaining to training to observing prisoners for signs of tensions, intimidation, threats to among prisoners on housing units.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue in Plaintiff's complaint or relevant time period of Plaintiff's detention, unduly burdensome and is not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced prisoners." Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are

not in possession of documents responsive to this Request. This Request should be directed to the local facility.

34. All policies and procedures regarding post- critical incident reviews, re-training, meetings, discussions in effect from January 1, 2019, to present at all facilities holding people serving a sentence in the DPSC.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

35. All reports, reviews, audits, investigations of all facilities located in Louisiana used to hold pretrial detainees and people in DPSC custody within the last five years including but not limited to:

a. All letters of finding issued by the Department of Justice (DOJ);
b. All reviews, investigations, and / or letters of finding by the Department of Homeland Security;
c. All reviews, audits, and / or technical assistance reports issued by the National Institute of Corrections (NIC);

d. All reviews, audits, inspections, and / or correspondence regarding same by the Louisiana State Department of Public Safety and Corrections (DPSC);
e. All reviews, audits, inspections, and / or accreditation reports by the National Commission on Correctional Health Care (NCCHC);
f. All reviews, audits, inspections, and / or accreditation reports by the American Correctional Association (ACA); and
g. All inspections, reports, correspondence, and / or citations by Louisiana State Fire Marshal.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case in that it seeks production of "all reviews, reports, audits and investigations, reports, correspondence" at "all facilities" holding both pretrial detainees and DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

36. Any document generated related to intake, processing, and classification procedures in effect for when Robert Young, Earldarius Brooks, Zachary Northrup entered Catahoula Correctional Center, including but not limited to:

a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;
b. Master prison form;

c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;
d. Jail credit letter;
e. Documents dealing with arrest information, criminal history, medical history and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;
f. Documents generated by all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms, questionnaires, interview protocols conducted in reference to re-classification and / or classification review.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to Bates Numbers DPSC 000001 - 000004. Defendant may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000071-000079 for documents related to EarlDarius Brooks.

37. All weekly, monthly, quarterly or annual reports on security threat groups, from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention, fails to identify and/or define the term "security threat groups" a term not even mentioned in Plaintiff's complaint, and is not relevant or proportional to the claims at issue or needs of the case. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

38. All records of requests for protective custody at Catahoula Correctional Center from January 1, 2019 to present, including answers and / or resolutions of any such request.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

39. All policies and procedures for tracking, reporting and responding to critical incidents, suspicious injuries, observed altercations, reports of altercations among prisoners from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

40. All documents, reports, and / or data pertaining to any tracking, reporting, response to critical incidents, suspicious injuries, observed altercations, or reports of altercations among prisoners at Catahoula Correctional Center, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

41. All documents pertaining to policy, procedure and practice investigating incident reports and / or reports of prisoner altercations and / or violence at Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

42. All documents, policies, procedures, meeting minutes, emails or other records pertaining to any housing unit assignment plan, identification of classification designations, identification of housing populations, and / or the creation of any unit specifically designated to hold pre-trial people at any local facility holding sentenced people in DPSC custody, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are

pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

43. All documents pertaining to policy, procedure and practice of issuing disciplinary "write-ups" at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

44. All documents pertaining to policy, procedure and practice of placing prisoners in administrative segregation or "lock-down" at any local facility holding people serving a sentence in DPSC custody, from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

45. All documents pertaining to policy, procedure and practice of escorting prisoners for medical care after altercation with another prisoner at any local facility holding people serving a sentence in DPSC custody from August 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees.

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

46. All documents pertaining to policy, procedure and practice for routing prisoners to the hospital or any other provider for outside medical care at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

47. From any local facility holding people serving a sentence in DPSC custody, all documents reflecting shakedowns from January 1, 2019 to present, including but not limited to:

a. shakedown logs;
b. contraband reports;
c. investigations arising from shakedowns, and
d. disciplinary actions taken against inmates and against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "shakedowns" "contrabands" and related investigations, none of which are at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

48. From any local facility holding people serving a sentence in DPSC custody, all documents pertaining to contraband from January 1, 2019 to present, including but not limited to:

a. Contraband reports;
b. investigations into contraband;
c. All disciplinary action taken against inmates and against corrections staff pertaining to contraband;
d. All criminal charges filed against inmates pertaining to contraband;
e. disposition of any charges filed against inmates;
f. All criminal charges filed against corrections staff pertaining to contraband; and
g. disposition of any charges filed against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "contraband" issues, a matter not at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

49. All medical records, including photographs for Robert Young from June 1, 2020 to present.

**RESPONSE:**

Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

50. From any local facility holding sentenced people in DPSC custody, all documents, including medical logs, tier logs, trip sheets, count logs reflecting requests for treatment, treatment, and / or observation of lacerations, puncture wounds, orbital fractures, black eyes, and / or bruising from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request

on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

51. From any local facility holding sentenced people in DPSC custody, all trip sheets for emergency or unscheduled trips to any hospital from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

52. For Robert Young, Earldarius Brooks, Zachary Northrup, Larry Smith, Huey Vallaire, Dalton Jaquillard, Montrell Rogers, Christopher Hasty, Kevin Percle, Bobby Buras, and Raymond Howard, please produce the following:

a. Inmate folder, including but not limited to booking records, photo, classification, and property receipts;
b. all incident reports for all incident;
c. all investigation;
d. use of force reports;
e. disciplinary write ups, reports or disciplinary board records provided to prisoners;
f. disciplinary write ups, reports or other action taken against corrections officers or staff related to the incident;
g. grievances, internal complaints, requests for administrative reviews, and responses;
h. any suits or other filings made by prisoners and documents related to those filings;

i. any documents related to any settlement or agreements to resolve any filed complaints made by prisoners;
j. trip sheets;
k. transfer orders;
l. log books and recordings, including video recordings for each area and location where the above listed individuals were incarcerated during any time at Catahoula Correctional Center;
m. complete files from any investigation into any incident involving any of the above listed;
n. and any e-mails, text messages or other documents referring to these names or individuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and impermissibly drafted such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. In addition, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000063-000070 for documents related to Dalton Jaquillard.

53. All policies in place (whether formal or informal) from August 1, 2019, to present regarding document and video retention, video monitoring, recording, camera acquisition and camera maintenance schedules, at local facilities which hold DPSC inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

54. Please produce employment records for the following individuals:

a. Seth Smith
b. James LeBlanc
c. Megan Wintz Kent
d. Duane Cambre

For the above listed corrections staff, please produce the following documents related to their employment at Louisiana DPSC, Catahoula Parish Detention Center, Calcasieu Parish Sheriff's Office:

i. C.V. / Resume
ii. employment application
iii. pre-employment and background investigation
iv. hiring
v. orientation and training, both initial and in-service
vi. Supervision, including supervisor records and files
vii. Job performance evaluations
viii. Continuing education certifications
ix. Assignments
x. Incident Reports
xi. Complaints

xii. Investigations
xiii. Grievances
xiv. Disciplinary Actions
xv. Commendations
xvi. Certifications
xvii. Licenses

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks private and confidential information regarding current and/or former DPSC employees, of which Defendants are not in custody, possession or control and which may be protected from disclosure. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to the personnel file of Megan Kent, Bates Numbers DPSC-000753 - 001029 and the personnel file of Duane Cambre, Bates Numbers DPSC- 001030-001493. Any confidential information pursuant to La.Rev.Stat. §44:11 *et seq*. has been redacted.

LIZ MURRILL
ATTORNEY GENERAL

*s/ Allen J. Krouse, III*
ALLEN J. KROUSE, III (La. Bar #14426)
RENEE G. CULOTTA (La. Bar #24436)
SUZANNE M. RISEY (La. Bar #25488)
FRILOT LLC
Special Assistant Attorneys General
1100 Poydras Street, Suite 3700

New Orleans, Louisiana 70163
Telephone: (504) 599-8000
Fax: (504) 599-8100
Email: akrouse@frilot.com; rculotta@frilot.com;
srisey@frilot.com
***Attorneys for Defendants, James LeBlanc and Seth Smith***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*/s/Allen J. Krouse, III*

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT YOUNG,**<br>**Plaintiff** | *<br>*<br>* | **Civil Action No. 23-681** |
| **VERSUS** | *<br>* | **District Judge: Shelly D. Dick** |
| **JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY, ET AL**<br>**Defendants** | *<br>*<br>* | **Magistrate Judge:**<br>**Richard L. Bourgeois** |

****************************************

**THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, come Defendants, James M. LeBlanc,[1] Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") and Seth Smith, Chief of Operation of DPSC ("Defendants"), who, provide the following Third Supplemental responses and objections to the Requests for Production of Documents, including Requests Numbers 4, 7, 11 and 54, served by Plaintiff, Robert Young, on September 11, 2024. To the extent the documents produced herein may be responsive to other Requests set forth below, Defendants' responses to those Requests are hereby supplemented, subject to the objections set forth in Defendants' original responses thereto.

**GENERAL OBJECTIONS**

Defendants generally object to Plaintiff's Requests for Production as follows:

1. Defendants object to each instruction and definition set forth in Plaintiff's discovery requests to the extent they purport to impose any requirement or discovery obligation upon Defendants responding herein greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and/or Orders of this Court.

[1] On August 29, 2024, Governor Jeff Landry appointed Gary Westcott as the new Secretary of the Louisiana Department of Public Safety and Corrections, replacing Defendant Secretary LeBlanc, who resigned from the position on August 28, 2024. Pursuant to Fed. R. Civ. P. Rule 25(d), Gary Westcott is automatically substituted for James LeBlanc in his official capacity.

2. Defendants generally object to Plaintiff's discovery requests on grounds the Requests exceed the scope of the litigation, are not proportional to the needs of the case and/or are irrelevant and immaterial to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's discovery requests are not tailored to the allegations and/or claims against Defendants or to the alleged incident involving Plaintiff and/or the facility in question and are unduly burdensome. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial of any of the information and/or documents referenced or provided.

3. Defendants generally object to Plaintiff's discovery requests to the extent they seek the knowledge of the State of Louisiana and Department of Public Safety & Corrections, an entity. An entity in and of itself possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

4. The following are the responses of Defendants prepared by counsel based upon reasonable investigation conducted and information assembled to date. Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if inadvertent errors are discovered, is specifically reserved. These responses are also given without prejudice to Defendants' right to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

5. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained therein, as if any statements contained therein were made by a witness present and testifying in court, all of which objections and grounds are expressly reserved to be interposed in motions at the time of trial.

6. Defendants generally object to Plaintiff's discovery requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege, such information will not be provided.

7. Defendants generally object to the extent Plaintiff's discovery requests seek the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of Defendants' attorneys, and to the extent the discovery requires disclosure of the mental impressions, conclusions or opinions of Defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

8. Defendants have engaged in a diligent and good faith effort to respond to the discovery requests propounded by Plaintiff. It is possible that future discovery and independent investigation may supply additional facts or information, add meaning to known facts,

and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions, changes to and variations from the answers set forth. The following answers are made without prejudice to the right of Defendants to provide additional evidence at the time of trial.

9. These General Objections are applicable to every discovery request below and all responses thereto and are incorporated therein.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All drafts, reviews, revisions and / or edits to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000005 – DPSC-000060, produced on December 4, 2024.

2. All documents, memorandums, meetings minutes, emails, drafts, redlines, comments or other records pertaining to initial development and any revisions to the Basic Jail Guidelines from January 1, 1996 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Notwithstanding, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000005 – DPSC-000060, produced on December 4, 2024.

3. All contracts for services related to holding sentenced individuals in custody of DPSC in local facilities owned and / or operated by local parish sheriff, law enforcement district and / or any private corrections contractor from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and fails to properly define "contracts for

services related to holding sentenced individuals," rendering the Request inappropriately vague. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

4. All audits, reviews, reports, investigations, inspections, reports, complaints, monitoring reports related to BJG inspections and certifications of local facilities for any correctional or detention facility owned and / or operated by a local sheriff, law enforcement district, and / or private corrections contractor from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-002505-005685. Responsive

documents for 2016 through 2023 were previously produced to Plaintiff's counsel in the *Murray* matter.

5. All written procedures or plans for significant unusual occurrences or facility emergencies including riots, deaths, serious illness or injury and assaults or other acts of violence pursuant to BJG I-C-001 from any parish holding DPSC prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state they are not in possession of additional documents responsive to this Request other than what was produced in response to Request Number 5 in the *Murray* matter, which included Department Regulation No. AM-I-4 dated July 24, 2018.

6. All written reports, notifications, phone messages, emails, text messages, or any other documentation of prisoner deaths, including but not limited to notifications via written

form C-05-001-X, from any entity or individual responsible for reporting from any local facility pursuant to BJG IV-C-015 from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint, and further seeks documentation regarding "prisoner deaths" when the issue of prisoner deaths has no bearing or relevance to Plaintiff's claims in this case; Plaintiff is not deceased.

7. All monthly reports of activities to the Chief of Operations pursuant to BJG IV-C-015, IV-C-016 VIII-B-008 and LDPSC regulation C-05-001 / AM-1-4 and all automated reporting by the DPSC Regional Team Leader for the Central Region from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish or region in which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance

abuse, none of which are at issue, and; thus, are not proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-001619 – 002504. Responsive documents for 2017 through July 2023 were previously produced to Plaintiff's counsel in the *Murray* matter.

8. All records, logs, and documents of staff deployment, staffing plan, staffing schedules, annual review of staffing analysis and plan to comply with BJG II-A-001, BJG II-A-003, and BJG II-A-006, from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the

jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

9. All facility logs, records or other documentation of transfers of DPSC prisoners to non-DPSC facilities to comply with BJG II-A-019 from any parish holding DPSC sentenced prisoners from January 2019 – present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Further, this Request is not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

10. All documentation, records, meeting minutes, emails, forms, policies, procedures received and / or reviewed related to Catahoula Correctional Center's compliance with Basic Jail Guidelines from January 1, 2019 to present including but not limited:

    a. Organization and staffing plans
    b. Annual review of facility staffing plans
    c. Staff logs
    d. Facility logs

e. Unusual occurrence reports
f. Any incidents reportable to DPSC
g. All reports related to Offender Population Management
h. Detainee and prisoner housing records
i. Detainee and prisoner classification records
j. Documentation of drug and alcohol testing of detainees and prisoners
k. Deaths of detainees or prisoners

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Further, Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

11. All records, curriculum, power points, meeting minutes, sign in sheets or other documents related to training, supervision, and evaluation of regional Basic Jail Guidelines Team Leaders for each DPSC region, including but not limited to any materials related to

conferences for Team Leaders hosted in or around Lake Charles from January 1, 2016 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in which the facility is located, at issue in Plaintiff's complaint and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-001494-001618.

12. All BJG Quarterly Summary Reports for all DPSC Regions, including but not limited to the Capital Region, Central Region, Florida Parishes, Northeast Region, Northwest Region, Southeast Region, Southeast Central Region, Southwest Central Region, Southwest Region from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the region or parish in

which the facility is located, at issue in Plaintiff's complaint. Further, the documentation sought contains information and data on myriad matters, including, but not limited to, sexual assaults, transportation, escapes, job skills, GED programs, grievances, drug testing, COVID and substance abuse, none of which are at issue, relevant or proportional to the needs of this case. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state they are not in possession of additional documents responsive to this Request. In the *Murray* matter, BJG Quarterly reports were produced for the requested regions through March 2022. As this report is no longer produced, Defendants are not in possession of additional documents responsive to this Request. This Supplemental Response applies to any other Requests herein which seek production of the BJQ Quarterly Reports and/or any information contained therein.

13. All monthly reports generated pursuant to state statute, including but not limited to LA RS 15:566 A and/or LA RS 15:824 (d)-(e), from any sheriff, law enforcement district, or local parish governing authority and / or any other responsible entity reflecting the number of DPSC prisoners and compensation paid by DPSC from January 1, 2019 to present for any parish where DPSC sentenced people are held.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-00080 - 000752 which includes responsive documents for FY24 (July 2023) through FY25 (October 2024) for Catahoula Correctional Center. Responsive documents for FY21, FY22 and FY23 were previously produced to Plaintiff's counsel in the *Murray* matter.

14. All CFACILITY reports generated for the last week of each month from January 1, 2021 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint.

15. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all facilities DPSC has found in non-compliance with any BJG provision from January 1, 2017 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

16. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, voicemails, phone messages, text messages or any other records regarding all plans developed by DPSC, local sheriff's office, parish law enforcement district, the entity operating a facility, and / or any other entity related to the ownership, operation, or custody of people in a facility not in compliance with any BJG provision to bring the facility into compliance from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

17. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all audits, inspections, reviews, or other efforts undertaken by DPSC to re-assess a facility's BJG compliance after a finding of non-compliance conducted between January 1, 2019 and present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request to the

extent it is impermissibly over broad such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

18. All documents, plans, letters, e-mails, meeting minutes, notes, memoranda, phone messages, voicemails, text messages or any other records regarding all studies, consultations, reports, reviews, audits, or any other effort undertaken by DPSC to assess the validity of BJG audits of local facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to any time period, any relevant time period related to Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

19. All policies, procedures, regulations, statutes, or other documents pertaining to all master staffing plans, including all documents or other records showing approved staffing for Catahoula Correctional Center, from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

20. All policies, procedures, documents, forms, charts or other records pertaining to all posts at Catahoula Correctional Center, as well as all priority posts and backfill procedures from July 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants

state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

21. All policies, procedures, directives, and / or post orders for corrections officers assigned to the following posts at any local facilities housing DPSC prisoners:

a. Key control;
b. Walk through supervision of units;
c. Investigations;
d. Transportation;
e. Intake and booking;
f. Classification.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to any time frame whatsoever, much less the relevant time period of Plaintiff's detention. In addition, this Request is unduly burdensome and is not limited to the facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint and therefore, is not relevant or proportional to the claims, issues or needs of the case. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

22. All documents reflecting the number of positions filled and the number of positions vacant for uniformed corrections officer positions at Catahoula Correctional Center from February 1, 2020 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

23. All documents pertaining to or reflecting the organizational structure of Catahoula Correctional Center in effect from July 1, 2020 through present, including administration and security positions, chain of command and relationship and communication between various departments and facilities.

**RESPONSE:**

Defendants object to this Request on grounds it is not limited to the relevant time period of Plaintiff's detention and on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

24. All summary data and / or reports reflecting staff turnover for deputies, sergeants, lieutenants, captains, corporals, and majors at Catahoula Correctional Center from July 1, 2019, through present, including but not limited to:

a. Attrition rates for each employment level;
b. Promotions within Catahoula Parish Sheriff's Office;
c. Demotions within the Catahoula Parish Sheriff's Office;
d. Transfers from Catahoula Correctional Center to other correctional institutions;
e. Transfers from any Calcasieu Parish correctional facility to other correctional institutions;
f. Voluntary departures of staff, i.e., resignations, retirement;
g. Involuntary departures of staff, i.e., terminations for cause.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

25. All summary data and / or reports reflecting Catahoula Parish Sheriff's Office staff disciplinary investigation and / or disciplinary action taken against Catahoula Parish Sheriff's Office staff from July 1, 2019 through present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the Catahoula Sherriff's Office.

26. All summary data and / or reports reflecting LDPSC disciplinary investigations and / or disciplinary actions taken against DPSC staff from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad in that it seeks "all" disciplinary investigations and disciplinary actions," with absolutely no limitation on the nature, type or scope thereof, against all "DPSC staff," and is in no way limited to the relevant time period of Plaintiff's detention and/or facility at issue in Plaintiff's complaint, and therefore, is unduly burdensome, not relevant or proportional to the claims, issues or needs of the case. Notwithstanding, Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail.

27. All contracts with third parties related to operations at Catahoula Correctional Center in effect from January 1, 2014 to the present, including but not limited to:

a. Contracts between Catahoula Parish Sheriff's Office and LaSalle Management;
b. Contracts between Catahoula Parish Sheriff's Office and Calcasieu Parish Sheriff's Office;

c. Contracts between Catahoula Parish Sheriff's Office and / or Department of Corrections to provide operational services and / or leases;
d. Contracts with any hospital or individual health care providers to provide personnel for medical care for Catahoula Parish Sheriff's Office;
e. Contracts with any employment agency, individuals to provide additional administrative staffing;
f. Contracts with any corrections agency, corporation, or individuals to provide additional corrections staffing;
g. Contracts with emergency transport company, emergency medical services, or any ambulance service to provide emergency transportation of inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and unduly burdensome; it is not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

28. All policies and procedures regarding outside hospital billing for services to Catahoula Correctional Center, Catahoula Parish Sheriff's Office, Calcasieu Parish Sheriff's Office and/or DPSC from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

29. All bills for medical service provided to Robert Young sent by an outside hospital or medical provider while he was in custody of Catahoula Parish Sheriff's Office and/ or Calcasieu Parish Sheriff's Office.

**RESPONSE:**

Defendants object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state this Request should be directed to the local facility. Defendants may supplement this response should they determine they are in possession of documents responsive to this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response

above, Defendants refer Plaintiff to Bates Number DPSC- 000061-000062.

30. All policies and procedures in effect at all facilities comprising Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds that it is impermissibly vague as it does not define "all facilities," and is not limited to policies or procedures relevant to the issues in Plaintiff's complaint. Defendants further object to this Request on grounds they are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

31. All documents and other records pertaining to orientation training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff used to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

a. Training academy schedule and dates for all recruits or new hire academies;
b. Training curriculum, including each curriculum topic, and hours for each
c. Instructor for each curriculum topic;
d. Lesson plans for each curriculum topic;
e. Tests and / or exams for each curriculum topic;
f. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
g. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

32. All documents and other records pertaining to in-service training of Catahoula Parish Sheriff staff at any facilities operated by Catahoula Parish Sheriff to hold pretrial detainees and people in DPSC custody, in effect from January 1, 2014 to present, including but not limited to:

    a. Training academy schedule and dates for all in-service academies;
    b. Training curriculum, including each curriculum topic, and hours for each
    c. Instructor for each curriculum topic;
    d. Lesson plans for each curriculum topic;
    e. Tests and / or exams for each curriculum topic;
    f. Student records of attendance and student test or exam performance for each topic for each academy;
    g. The numbers of students beginning each academy and the numbers of students successfully completing each academy;
    h. Any materials used by the instructor for each curriculum topic, including any videos, recordings, hand-outs, text books, or manuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not limited to the relevant time period of Plaintiff's detention. Defendants further object to this Request on grounds

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

33. All policies and procedures in effect at all facilities holding people serving a sentence in the DPSC from January 1, 2019 to present regarding prisoner classification, responses to prisoner reports of threats, investigation of reports of threats, observation and supervision of prisoner housing units including but not limited to

    a. All forms, narratives, log books, or other reporting documents to report any signs of increasing tension on a dorm or tier;
    b. All curriculums, syllabi, handouts, and any other documents pertaining to training to observing prisoners for signs of tensions, intimidation, threats to among prisoners on housing units.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue in Plaintiff's complaint or relevant time period of Plaintiff's detention, unduly burdensome and is not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced prisoners." Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are

not in possession of documents responsive to this Request. This Request should be directed to the local facility.

34. All policies and procedures regarding post- critical incident reviews, re-training, meetings, discussions in effect from January 1, 2019, to present at all facilities holding people serving a sentence in the DPSC.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case, in that it seeks production of "all policies and procedures" at "all facilities" holding DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants further object to this Request on grounds Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

35. All reports, reviews, audits, investigations of all facilities located in Louisiana used to hold pretrial detainees and people in DPSC custody within the last five years including but not limited to:

a. All letters of finding issued by the Department of Justice (DOJ);
b. All reviews, investigations, and / or letters of finding by the Department of Homeland Security;
c. All reviews, audits, and / or technical assistance reports issued by the National Institute of Corrections (NIC);

d. All reviews, audits, inspections, and / or correspondence regarding same by the Louisiana State Department of Public Safety and Corrections (DPSC);
e. All reviews, audits, inspections, and / or accreditation reports by the National Commission on Correctional Health Care (NCCHC);
f. All reviews, audits, inspections, and / or accreditation reports by the American Correctional Association (ACA); and
g. All inspections, reports, correspondence, and / or citations by Louisiana State Fire Marshal.

**RESPONSE:**

Defendants object to this Request on grounds it is grossly over broad, not limited to the facility at issue or relevant time period of Plaintiff's detention, unduly burdensome and not relevant or proportional to the claims at issue or needs of the case in that it seeks production of "all reviews, reports, audits and investigations, reports, correspondence" at "all facilities" holding both pretrial detainees and DPSC sentenced individuals. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

36. Any document generated related to intake, processing, and classification procedures in effect for when Robert Young, Earldarius Brooks, Zachary Northrup entered Catahoula Correctional Center, including but not limited to:

a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;
b. Master prison form;

c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;
d. Jail credit letter;
e. Documents dealing with arrest information, criminal history, medical history and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;
f. Documents generated by all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms, questionnaires, interview protocols conducted in reference to re-classification and / or classification review.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants refer Plaintiff to Bates Numbers DPSC 000001 - 000004. Defendant may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000071-000079 for documents related to EarlDarius Brooks.

37. All weekly, monthly, quarterly or annual reports on security threat groups, from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention, fails to identify and/or define the term "security threat groups" a term not even mentioned in Plaintiff's complaint, and is not relevant or proportional to the claims at issue or needs of the case. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request.

38. All records of requests for protective custody at Catahoula Correctional Center from January 1, 2019 to present, including answers and / or resolutions of any such request.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

39. All policies and procedures for tracking, reporting and responding to critical incidents, suspicious injuries, observed altercations, reports of altercations among prisoners from January 1, 2019 to present at Catahoula Correctional Center.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

40. All documents, reports, and / or data pertaining to any tracking, reporting, response to critical incidents, suspicious injuries, observed altercations, or reports of altercations among prisoners at Catahoula Correctional Center, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592. This Request should be directed to the local facility.

41. All documents pertaining to policy, procedure and practice investigating incident reports and / or reports of prisoner altercations and / or violence at Catahoula Correctional Center from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

42. All documents, policies, procedures, meeting minutes, emails or other records pertaining to any housing unit assignment plan, identification of classification designations, identification of housing populations, and / or the creation of any unit specifically designated to hold pre-trial people at any local facility holding sentenced people in DPSC custody, from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are

pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

43. All documents pertaining to policy, procedure and practice of issuing disciplinary "write-ups" at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

44. All documents pertaining to policy, procedure and practice of placing prisoners in administrative segregation or "lock-down" at any local facility holding people serving a sentence in DPSC custody, from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

45. All documents pertaining to policy, procedure and practice of escorting prisoners for medical care after altercation with another prisoner at any local facility holding people serving a sentence in DPSC custody from August 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees.

Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

46. All documents pertaining to policy, procedure and practice for routing prisoners to the hospital or any other provider for outside medical care at any local facility holding people serving a sentence in DPSC custody from January 1, 2019, to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

47. From any local facility holding people serving a sentence in DPSC custody, all documents reflecting shakedowns from January 1, 2019 to present, including but not limited to:

a. shakedown logs;
b. contraband reports;
c. investigations arising from shakedowns, and
d. disciplinary actions taken against inmates and against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "shakedowns" "contrabands" and related investigations, none of which are at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

48. From any local facility holding people serving a sentence in DPSC custody, all documents pertaining to contraband from January 1, 2019 to present, including but not limited to:

a. Contraband reports;
b. investigations into contraband;
c. All disciplinary action taken against inmates and against corrections staff pertaining to contraband;
d. All criminal charges filed against inmates pertaining to contraband;
e. disposition of any charges filed against inmates;
f. All criminal charges filed against corrections staff pertaining to contraband; and
g. disposition of any charges filed against corrections staff.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks documentation regarding "contraband" issues, a matter not at issue in Plaintiff's complaint. Moreover, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request, other than documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

49. All medical records, including photographs for Robert Young from June 1, 2020 to present.

**RESPONSE:**

Defendants object to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

50. From any local facility holding sentenced people in DPSC custody, all documents, including medical logs, tier logs, trip sheets, count logs reflecting requests for treatment, treatment, and / or observation of lacerations, puncture wounds, orbital fractures, black eyes, and / or bruising from January 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request

on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

51. From any local facility holding sentenced people in DPSC custody, all trip sheets for emergency or unscheduled trips to any hospital from July 1, 2019 to present.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

52. For Robert Young, Earldarius Brooks, Zachary Northrup, Larry Smith, Huey Vallaire, Dalton Jaquillard, Montrell Rogers, Christopher Hasty, Kevin Percle, Bobby Buras, and Raymond Howard, please produce the following:

a. Inmate folder, including but not limited to booking records, photo, classification, and property receipts;
b. all incident reports for all incident;
c. all investigation;
d. use of force reports;
e. disciplinary write ups, reports or disciplinary board records provided to prisoners;
f. disciplinary write ups, reports or other action taken against corrections officers or staff related to the incident;
g. grievances, internal complaints, requests for administrative reviews, and responses;
h. any suits or other filings made by prisoners and documents related to those filings;

i. any documents related to any settlement or agreements to resolve any filed complaints made by prisoners;
j. trip sheets;
k. transfer orders;
l. log books and recordings, including video recordings for each area and location where the above listed individuals were incarcerated during any time at Catahoula Correctional Center;
m. complete files from any investigation into any incident involving any of the above listed;
n. and any e-mails, text messages or other documents referring to these names or individuals.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and impermissibly drafted such that it requests production of documents potentially subjected to the attorney client and/or attorney work product privileges. In addition, Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Defendants are not legally responsible for the custody, care, housing or conditions of confinement of pretrial detainees, such as Plaintiff. Sheriffs are the final policy makers with respect to the management of jails, control of the inmates of the jail, the employees of the jail and the daily management and operation of the jail. Subject to and without waiving these objections, Defendants may supplement this response should they determine they are in possession of documents responsive to this Request and upon receipt of additional identifier information regarding the individuals identified in this Request.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-000063-000070 for documents related to Dalton Jaquillard.

53. All policies in place (whether formal or informal) from August 1, 2019, to present regarding document and video retention, video monitoring, recording, camera acquisition and camera maintenance schedules, at local facilities which hold DPSC inmates.

**RESPONSE:**

Defendants object to this Request on grounds it is over broad, unduly burdensome, not limited to the relevant time period of Plaintiff's detention or facility at issue and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. Subject to and without waiving these objections, Defendants state they are not in possession of documents responsive to this Request. This Request should be directed to the local facility.

54. Please produce employment records for the following individuals:

a. Seth Smith
b. James LeBlanc
c. Megan Wintz Kent
d. Duane Cambre

For the above listed corrections staff, please produce the following documents related to their employment at Louisiana DPSC, Catahoula Parish Detention Center, Calcasieu Parish Sheriff's Office:

i. C.V. / Resume
ii. employment application
iii. pre-employment and background investigation
iv. hiring
v. orientation and training, both initial and in-service
vi. Supervision, including supervisor records and files
vii. Job performance evaluations
viii. Continuing education certifications
ix. Assignments
x. Incident Reports
xi. Complaints

xii. Investigations
xiii. Grievances
xiv. Disciplinary Actions
xv. Commendations
xvi. Certifications
xvii. Licenses

**RESPONSE:**

Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims at issue or needs of the case. Defendants object further to this Request on grounds it seeks private and confidential information regarding current and/or former DPSC employees, of which Defendants are not in custody, possession or control and which may be protected from disclosure. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to the personnel file of Megan Kent, Bates Numbers DPSC-000753 - 001029 and the personnel file of Duane Cambre, Bates Numbers DPSC- 001030-001493. Any confidential information pursuant to La.Rev.Stat. §44:11 *et seq*. has been redacted.

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the objections set forth in Defendants' original response above, Defendants state a copy of the updated personnel files for (former) Secretary LeBlanc and Seth Smith have been requested and will be furnished upon receipt, subject to the redaction of any confidential information pursuant to La.Rev.Stat. §44:11 *et seq.*

LIZ MURRILL
ATTORNEY GENERAL

*s/ Allen J. Krouse, III*
ALLEN J. KROUSE, III (La. Bar #14426)
RENEE G. CULOTTA (La. Bar #24436)
SUZANNE M. RISEY (La. Bar #25488)
FRILOT LLC
Special Assistant Attorneys General
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8000
Fax: (504) 599-8100
Email: akrouse@frilot.com; rculotta@frilot.com; srisey@frilot.com
***Attorneys for Defendants, James LeBlanc and Seth Smith***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January 2025, a true and correct copy of the foregoing was emailed and/or sent by U.S. mail to all counsel of record.

*/s/Allen J. Krouse, III*

| | |
|---|---|
| **From:** | Gervais, Karen M. |
| **To:** | lhebert@mbklaw.net; dbruchhaus@mbklaw.net; sbryant@fralawfirm.com; melissa.tootle@macarthurjustice.org; Elizabeth Cumming; emily.washington@macarthurjustice.org; stephen@haedickelaw.com; jack.stephens@macarthurjustice.org |
| **Cc:** | Krouse, A.J.; Risey, Suzanne M.; Gaudin, Kathleen |
| **Subject:** | RE: Young v Leblanc et al - Fourth Supplemental Responses to Plaintiff"s RFP |
| **Date:** | Thursday, January 9, 2025 1:38:00 PM |

Sent on behalf of A. J. Krouse –

Below please find Defendants' Fourth Supplemental Responses to Plaintiff's Requests for Production of Documents. Also, see Sharefile link below.

**Request No. 13:**
All monthly reports generated pursuant to state statute, including but not limited to LA RS 15:566 A and/or LA RS 15:824 (d)-(e), from any sheriff, law enforcement district, or local parish governing authority and / or any other responsible entity reflecting the number of DPSC prisoners and compensation paid by DPSC from January 1, 2019 to present for any parish where DPSC sentenced people are held.

**Response:**
Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**Supplemental Response:**
Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-00080 - 000752 which includes responsive documents for FY24 (July 2023) through FY25 (October 2024) for Catahoula Correctional Center. Responsive documents for FY21, FY22 and FY23 were previously produced to Plaintiff's counsel in the *Murray* matter.

**Second Supplemental Response:**
Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-005686 -

010991 which includes responsive documents for FY24 and FY25 for the other facilities/regions. Responsive documents for FY21, FY22 and FY23 were previously produced to Plaintiff's counsel in the *Murray* matter.

**Request No. 4:**
All audits, reviews, reports, investigations, inspections, reports, complaints, monitoring reports related to BJG inspections and certifications of local facilities for any correctional or detention facility owned and/or operated by a local sheriff, law enforcement district, and / or private corrections contractor from January 1, 2016 to present.

**Response:**
Defendants object to this Request on grounds it is over broad and not relevant or proportional to the claims, issues or needs of the case. Plaintiff was a pretrial detainee, not a DPSC sentenced prisoner. The Basic Jail Guidelines are not applicable to individuals, such as Plaintiff, who are pretrial detainees. In addition, this Request is unduly burdensome and is not limited to the relevant time period of Plaintiff's detention and/or facility, much less the parish in which the facility is located, at issue in Plaintiff's complaint. Defendants further object to this Request on grounds it seeks documents already in Plaintiff's counsel's possession. Subject to and without waiving these objections, Defendants refer Plaintiff to documents previously produced to Plaintiff's counsel in the *Murray v. LeBlanc et al.* matter, Civil Action No. 21-592.

**Supplemental Response:**
Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-002505-005685. Responsive documents for 2016 through 2023 were previously produced to Plaintiff's counsel in the *Murray* matter.

**Second Supplemental Response:**
Subject to and without waiving the objections set forth in Defendants' original response above, Defendants refer Plaintiff to Bates Numbers DPSC-010992-011031, documents previously produced to Plaintiff's counsel in the *Murray* matter.

https://frilot.sharefile.com/public/share/web-s7e5b1a51324d41178fd0ba02e45424dc

Karen M. Gervais
Legal Assistant to DAVID A. OLSON,
A.J. KROUSE and SUZANNE M. RISEY
FRILOT LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
(504) 599-8174