**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROBERT YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Docket Number:<br>23-681-SDD-RLB<br><br>JUDGE:<br>SHELLY D. DICK<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**PLAINTIFF'S FIRST MOTION TO COMPEL RESPONSES TO FIRST REQUEST FOR PRODUCTION FROM DEFENDANT SHERIFF TONY MANCUSO**

Plaintiff, through undersigned counsel, respectfully moves this Court to compel Defendant Sheriff Tony Mancuso to respond to production Plaintiff has propounded in the normal course of discovery. In support of his motion, Plaintiff briefly states the following, further detailed in the accompanying memorandum in support of his motion.

Plaintiff Young propounded requests for production on Defendant on September 11, 2024.[1] Under the rules of civil procedure, responses to these requests were due on October 11, 2024. The current fact discovery deadline in this case is currently set for February 28, 2025.[2] On October 16, 2024, five days after the initial due date had passed, Plaintiff emailed Defendant to request that responsive discovery be provided no later than Friday, October 18.[3] That day, Defendant requested an extension until November 2, 2024 to "allow sufficient time for [him] to obtain, review and provide responses."[4]

---

[1] Exhibit 1, Plaintiff's First Request for Production to Defendant Sheriff Tony Mancuso.
[2] ECF No. 39
[3] Exhibit 2, Email Correspondence between Counsel for Plaintiff Young and Lenzi Hebert, at 14 [hereinafter "Email Correspondence"].
[4] *Id.*

On October 29, 2024, Plaintiff emailed counsel for Defendant to note the continued lack of production of documents, to reiterate the agreement to provide discovery on a rolling basis, and to ask that full production be made by November 2, 2024.[5] On November 4, 2024, having not yet received production from Defendant, Plaintiff requested a conference with Defendant's counsel pursuant to Fed. R. Civ. Pro. 37.[6] Counsel conferred that morning.[7]

Counsel for Plaintiff followed up again on November 7, 2024 to inquire regarding Defendant's failure to produce any of the requested documents.[8] That day, Defendant's counsel indicated that they had "finally received a jump drive this morning containing certain responsive documentation" and requested an extension to November 11, 2024.[9] Plaintiff' counsel consented to this extension.[10] On November 11, 2024—two months after discovery requests were initially propounded—Defendant provided incomplete production to Plaintiff's requests.[11]

On January 8, 2025, Plaintiff followed up again via email, requesting an update on supplemental production from Defendant.[12] Plaintiff received no response, and followed up yet again on January 16 and January 17, 2025.[13] Defendant's counsel responded on January 17, stating that she was "hoping to have them to you next week."[14]

As the next week came to a close, Plaintiff had not received supplemental production nor any updates from Defendant. So, on January 23 2025, Plaintiff followed up, requesting that outstanding discovery be produced by close of business on Monday, January 27.[15] That same day, Defendant's counsel indicated that she would "need until end of next week" to provide supplemental production

[5] *Id*.
[6] *Id*.
[7] *Id*. at 12.
[8] *Id*. at 11.
[9] *Id*.
[10] *Id*. at 10.
[11] Exhibit 3, Defendant Mancuso's Answers to Plaintiff's First Request for Production; Exhibit 2, Email Correspondence, at 10.
[12] Exhibit 2, Email Correspondence, at 9.
[13] *Id*. at 8-9.
[14] *Id*. at 8.
[15] *Id*. at 6.

because of a medical emergency.[16] The next day, Plaintiff inquired by email to all enrolled counsel would be available to assist.[17] Plaintiff received no response.

Plaintiff followed up with Defendant on January 30, 2025, again inquiring as to whether other enrolled counsel was available.[18] That day, counsel for Defendant stated that she would be returning to work on February 3 and requested until February 7, 2025 to provide outstanding supplemental production.[19] Plaintiff responded promptly to set a Rule 37 conference on Monday, February 3.[20]

Counsel conferred via phone on February 3, 2025. During that conversation, Defendant's counsel reiterated her previous assurance that additional outstanding discovery would be produced by February 7, 2025. Plaintiff specifically requested that counsel for Defendant prioritize thorough production for five specific requests: RFP 2, RFP 4, RFP 6, RFP 7, and RFP 12.

Plaintiff Young is entitled to the requested documents under Federal Rule of Civil Procedure 26(b). The merits of Plaintiff's claim rest on establishing Defendant's knowledge of—and failure to monitor, audit, or supervise—the condition of violence and associated oversight failures at Catahoula Correctional Center ("CCC"), the facility entrusted to ensure the safety of Calcasieu Parish pre-trial detainees like Plaintiff Young.[21] Requests for Production 2, 4, 6, 7, and 12—the subject of the parties' most recent Rule 37 conference and the instant motion—are each directly relevant to establishing such knowledge.

Defendant has not taken the position that Plaintiff Young is not entitled to Requests 4, 6, and 7. As for Requests 2 and 12, Defendant's objections fall short of "show[ing] specifically how . . . each request is not relevant or how each question is overly broad, burdensome, or oppressive."[22]

---

[16] *Id*.
[17] *Id*.
[18] *Id*. at 5.
[19] *Id*.
[20] *Id*. at 4.
[21] ECF No. 5 at ¶ 38, 40-41, 52.
[22] Houser v. LaSalle Mgmt. Co. LLC, No. 5:16-CV-00129-RWS, 2019 WL 13212319, at *1 (E.D. Tex. Dec. 4, 2019), citing Fed. Trade Comm'n v. Liberty Supply Co., No. 4:15-cv-829, 2016 WL 4272706, at *4 (E.D. Tex. Aug. 15, 2016) (quoting Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C., 258 F.R.D. 149, 159 (S.D. Tex. 2009)). *See*

Most importantly for the instant motion, Defendant has repeatedly promised but has yet to deliver discovery to which Plaintiff Young is entitled under the Federal Rules of Civil Procedure and its attendant jurisprudence. Though counsel for Plaintiff has made every effort to work patiently with Defendant, this Court's assistance has become necessary to expedite this process in the face of the quickly approaching February 28 fact discovery cutoff.

WHEREFORE, Plaintiff respectfully requests this Court grant his motion to and compel Defendant to produce information responsive to Requests 2, 4, 6, 7, and 12 of their First Request for Production.

Respectfully submitted,

s/ Jack Stephens
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
**JACK STEPHENS** (Bar Roll No. 41468)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

-AND-

s/ Stephen J. Haedicke
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
Law Office of Stephen J. Haedicke
1040 Saint Ferdinand St.
New Orleans, LA 70117
Phone: (504) 291-6999
stephen@haedickelaw.com

## RULE 37 CERTIFICATE

*also* Ball v. Hudson Ins. Co., No. CV 22-665-JWD-RLB, 2023 WL 6367668, at *4 (M.D. La. Sept. 28, 2023) (partially granting plaintiff's motion to compel as defendants "do not set forth any specific arguments (such as undue burden or expense) in support of a finding that requiring GTS to produce company manuals and/or guides in its possession, custody, or control is somehow disproportionate to the needs of this case").

Undersigned counsel hereby certifies that she has attempted to confer in good faith with counsel for Defendant Sheriff Tony Mancuso in an effort to obtain discovery without filing the instant motion, but these efforts have proved fruitless.

/s/ Jack Stephens

Dated: February 10, 2025