**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROBERT YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Docket Number:<br>23-681-SDD-RLB<br><br>JUDGE:<br>SHELLY D. DICK<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIRST MOTION TO COMPEL RESPONSES TO FIRST REQUEST FOR PRODUCTION FROM DEFENDANT SHERIFF TONY MANCUSO**

Plaintiff, through undersigned counsel, respectfully moves this Court to compel Defendant Sheriff Tony Mancuso to respond to production Plaintiff has propounded in the normal course of discovery.

## I. PROCEDURAL HISTORY

Plaintiff Young propounded requests for production on Defendant on September 11, 2024.[1] Under the rules of civil procedure, responses to these requests were due on October 11, 2024. The fact discovery deadline in this case is currently set for February 28, 2025.[2] On October 16, 2024, five days after the initial due date had passed, Plaintiff emailed Defendant to request that responsive discovery be provided no later than Friday, October 18.[3] That day, Defendant requested an extension until November 2, 2024 to "allow sufficient time for [him] to obtain, review and provide responses."[4] Plaintiff consented

[1] Exhibit 1, Plaintiff's First Request for Production to Defendant Sheriff Tony Mancuso.
[2] ECF No. 39
[3] Exhibit 2, Email Correspondence between Counsel for Plaintiff Young and Lenzi Hebert, at 14 [hereinafter "Email Correspondence"].
[4] *Id.*

to this extension contingent on rolling production as documents became available beginning on October 18, 2024.[5]

On October 29, 2024, Plaintiff emailed counsel for Defendant to note the continued lack of production of documents, to reiterate the agreement to provide discovery on a rolling basis, and to ask that full production be made by November 2, 2024.[6] On November 4, 2024, having not yet received production from Defendant, Plaintiff requested a conference with Defendant's counsel pursuant to Fed. R. Civ. Pro. 37.[7] Counsel conferred that morning; during the conversation, Counsel for defendant represented that they were "[h]oping to have something to [Plaintiff] by the end of this week and will continue to supplement responses."[8]

Counsel for Plaintiff followed up again on November 7, 2024 to inquire regarding Defendant's failure to produce any of the requested documents.[9] That day, Defendant's counsel indicated that they had "finally received a jump drive this morning containing certain responsive documentation" and requested an extension to November 11, 2024.[10] Plaintiff' counsel consented to this extension, but emphasized that she "cannot wait beyond that before filing a motion to compel to preserve my client's interests."[11] On November 11, 2024—two months after discovery requests were initially propounded—Defendant provided incomplete production to Plaintiff's requests.[12]

On January 8, 2025, Plaintiff followed up again via email, requesting an update on supplemental production from Defendant.[13] Specifically, Plaintiff narrowly requested that Defendant prioritize providing "a complete version of the housing agreement" between the Calcasieu Sheriff's Office and the

---

[5] *Id*. at 13.
[6] *Id*.
[7] *Id*.
[8] *Id*. at 12.
[9] *Id*. at 11.
[10] *Id*.
[11] *Id*. at 10.
[12] Exhibit 3, Defendant Mancuso's Answers to Plaintiff's First Request for Production; Exhibit 2, Email Correspondence, at 10.
[13] Exhibit 2, Email Correspondence, at 9.

Catahoula Sheriff's office and "notifications of hospitalizations" as required by that agreement.[14] Plaintiff received no response, and followed up yet again on January 16 and January 17, 2025.[15] Defendant's counsel responded on January 17, stating that there "were some issues with the formatting of certain documents" but that she was "working on supplemental discovery responses and hoping to have them to you next week."[16]

As the next week came to a close, Plaintiff had not received supplemental production nor any updates from Defendant. So, on January 23 2025, Plaintiff followed up, requesting that outstanding discovery be produced by close of business on Monday, January 27.[17] That same day, Defendant's counsel indicated that she would "need until end of next week" to provide supplemental production because of a medical emergency. [18] The next day, Plaintiff inquired by email to all enrolled counsel as to whether other enrolled counsel would be "able to step in and assist with production."[19] Plaintiff received no response.

Noting the fast approaching fact discovery cut off set for February 28, 2025, Plaintiff followed up with all enrolled counsel for Defendant on January 30, 2025, again inquiring as to whether other enrolled counsel "might be able to assist with the responses while [Ms. Hebert] is recovering."[20] That day, counsel for Defendant stated that she would be returning to work on February 3 and requested until February 7, 2025 to provide outstanding supplemental production.[21] Plaintiff responded to set a Rule 37 conference on Monday, February 3.[22]

Counsel conferred via phone on February 3, 2025. During that conversation, Defendant's counsel reiterated her previous assurance that additional outstanding discovery would be produced by February 7,

---

[14] *Id*.
[15] *Id*. at 8-9.
[16] *Id*. at 8.
[17] *Id*. at 6.
[18] *Id*.
[19] *Id*.
[20] *Id*. at 5.
[21] *Id*.
[22] *Id*. at 4.

2025. Plaintiff specifically requested that counsel for Defendant prioritize thorough production for five specific requests: RFP 2, RFP 4, RFP 6, RFP 7, and RFP 12. Counsel for Plaintiff also significantly narrowed Request 12 to ensure prompt and complete production. Finally, Plaintiff represented that, given the impending discovery cutoff and a need to preserve his rights, he planned to file the instant motion. Nonetheless, counsel for Plaintiff stressed their desire to continue amicable collaboration and a willingness to withdraw the motion if complete supplemental production were provided.

As of February 10, Defendant has not provided such production.

## II. LEGAL STANDARD AND ARGUMENT

Plaintiff Young is entitled to the requested documents under the general discovery provisions of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 26(b), unless limited by a court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[23]

If the party receiving the discovery request fails to respond, the requesting party may move to compel production.[24] Importantly, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or response."[25] The party seeking to resist discovery must bear the burden of making a specific objection to the discovery request.[26] In doing so, the

[23] Fed. R. Civ. P. 26(b).
[24] Fed. R. Civ. P. 37(a)(3)(B).
[25] Fed. R. Civ. P. 37(a)(4).
[26] McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

resisting party must overcome the ordinary presumption in favor of broad disclosure in discovery.[27]

In moving the court to compel responses to discovery, the movant must certify that he has "conferred in good faith or attempted to confer with the person or party failing to make the disclosure in an effort to obtain it without court action."[28]

The merits of Plaintiff's claim rest on establishing Defendant's knowledge of—and failure to monitor, audit, or supervise—the condition of violence and associated oversight failures at Catahoula Correctional Center ("CCC"), the facility entrusted to ensure the safety of Calcasieu Parish pre-trial detainees like Plaintiff Young.[29] Requests for Production 2, 4, 6, 7, and 12—the subject of the parties' most recent Rule 37 conference and the instant motion—are each directly relevant to establishing such knowledge. Specifically, the requests seek communications between Defendant and the Catahoula Parish Sheriff's Office (RFP 2), materials regarding the Prisoner Housing Agreement dictating the terms of the arrangement (RFP 4), administrative policies and procedures for identifying Calcasieu pre-trial detainees for transfer to CCC (RFPs 6 and 7), and historic budgetary allocations and housing capacity at Calcasieu Detention Center (RFP 12).

Defendant has not taken the position that Plaintiff Young is not entitled to Requests 4, 6, and 7. As for Requests 2 and 12, Defendant's objections fall short of "show[ing] specifically how . . . each request is not relevant or how each question is overly broad, burdensome, or oppressive."[30]

---

[27] Smith v. Employers Mut. Cas. Co., CIV.A. 09-01039-BAJ, 2011 WL 938359, at *2 (M.D. La. Mar. 16, 2011).
[28] Fed. R. Civ. P. 37(a)(1).
[29] ECF No. 5 at ¶ 38, 40-41, 52.
[30] Houser v. LaSalle Mgmt. Co. LLC, No. 5:16-CV-00129-RWS, 2019 WL 13212319, at *1 (E.D. Tex. Dec. 4, 2019), citing Fed. Trade Comm'n v. Liberty Supply Co., No. 4:15-cv-829, 2016 WL 4272706, at *4 (E.D. Tex. Aug. 15, 2016) (quoting Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C., 258 F.R.D. 149, 159 (S.D. Tex. 2009)). *See also* Ball v. Hudson Ins. Co., No. CV 22-665-JWD-RLB, 2023 WL 6367668, at *4 (M.D. La. Sept. 28, 2023) (partially granting plaintiff's motion to compel as defendants "do not set forth any specific arguments (such as undue burden or expense) in support of a finding that requiring GTS to produce company manuals and/or guides in its possession, custody, or control is somehow disproportionate to the needs of this case").

Most importantly for the instant motion, Defendant has repeatedly promised but has yet to deliver discovery to which Plaintiff Young is entitled under the Federal Rules of Civil Procedure and its attendant jurisprudence. Though counsel for Plaintiff has made every effort to work patiently with Defendant, this Court's assistance has become necessary to expedite this process in the face of the quickly approaching February 28 fact discovery cutoff.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant his motion to and compel Defendant to produce information responsive to Requests 2, 4, 6, 7, and 12 of their First Request for Production.

Respectfully submitted,

s/ Jack Stephens
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
**JACK STEPHENS** (Bar Roll No. 41468)
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

-AND-

s/ Stephen J. Haedicke
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
Law Office of Stephen J. Haedicke
1040 Saint Ferdinand St.
New Orleans, LA 70117
Phone: (504) 291-6999
stephen@haedickelaw.com

Dated: February 10, 2025