**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROBERT YOUNG,<br><br>Plaintiff,<br><br>Versus<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; SETH SMITH, CHIEF OF OPERATIONS, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; SHERIFF TONY MANCUSO, SHERIFF OF CALCASIEU PARISH; SHERIFF TONEY EDWARDS, SHERIFF OF CATAHOULA PARISH; WARDEN ERIC STOTT; FORMER WARDEN PAT BOOK; CPSO SGT. BEASON; CPSO SGT. PRINCE; CPSO SGT. GUTHRIE; CPSO DEP. SANCHEZ; CPSO DEP. MARGIE PRICE; UNKNOWN CPSO DEPS. JANE AND JOHN DOES,<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * * * * | Civil Docket Number: 2:23-cv-681-SDD-RLB<br><br>JUDGE: SHELLY D. DICK<br><br>MAGISTRATE:<br>RICHARD L. BOURGEOIS |

**<u>PLAINTIFF'S FIRST REQUEST</u>**
**<u>FOR PRODUCTION OF DOCUMENTS TO</u>**
**<u>TONY MANCUSO AND EMPLOYEES OF CALCASIEU PARISH SHERIFF'S OFFICE</u>**

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through undersigned counsel, hereby requests that Defendant Tony Mancuso in his official and individual capacities to respond to the following request for production of documents within the limits prescribed by law. This request for production of documents seeks information available to Tony Mancuso, the Calcasieu Parish Sheriff's Office, its employees, and/or its agents. The following instructions and definitions are applicable to these requests.

**INSTRUCTIONS**

1. *Manner of Responding.* In answering these document requests, you should furnish such information as is known or is available to you, regardless of whether this information is obtained directly by or known to you, or known to or obtained by any of your attorneys or other agents or representatives. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified. If your answers are qualified in any manner, state the nature of the qualification.

2. *In Case of Ambiguity.* If, in responding to these requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

3. *Manner of Producing.*

   a. One legible copy of each document requested is to be produced digitally if available. Any copy of a document that varies in any way whatever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any omission, shall constitute a separate document and must be produced. Plaintiffs reserve the right to inspect the original of any document produced upon reasonable request.

   b. All documents produced in response to an individual request shall be segregated from documents produced in response to any other requests, and the request to which they are responsive shall be specifically identified. If a document is responsive to more than one request, each of the requests to which the document is responsive shall be specifically identified.

c. In producing the documents, all documents which are physically attached to each other shall be left so attached. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, or subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they are maintained in the file where they are found.

d. All requests for computerized data are to be produced in a computer-readable format. Where any information, be it source code, data, documents or other information, exists primarily or exclusively on computer media, it must be produced as computer media rather than being printed out. The computerized or electronic databases shall be produced in a format that is usable by Plaintiffs and Plaintiffs' experts. Each requested database shall be produced along with all software or programming necessary to read and/or sort and manipulate the data.

4. *Scope of the Requests.* All requests are for documents applicable to, relating to, or concerning Defendant, as Defendant is defined in the Definition section.

5. *Possession, Custody, or Control.* Where documents or things in the possession, custody, or control of any individual, firm, corporation, or partnership are requested, such request also pertains to documents in the possession, custody, or control of employees, agents, guardians, partners, representatives, and – unless privileged or protected – attorneys of such individuals, firms, corporations, or partnerships.

6. *Objections.* If you object to part of a document request, state the objection and respond to the remaining portion of that request. If you object to the scope or time period of a document request, state the objection, and respond to the request within the scope or time period

you believe is appropriate. If an objection to a request is based upon a claim or privilege, attorney work product, or any other basis, please identify in writing each document so withheld by providing the following information:

a. the date or approximate date of the document;

b. the type of document (e.g., letter, memorandum);

c. a description of the subject matter of the document;

d. each and every person who prepared, signed, or participated in the preparation of the document or any copy thereof;

e. each and every person who received the document or any copy therof;

f. the present custodian(s) of each document;

g. a list of attachments or enclosures to the document; and

h. the nature of the privilege asserted and any statutes, rules or cases that you contend support the assertion of privilege.

7. *Segregable Portions of Privileged Documents.* Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

8. *Continuing Nature of Document Requests.* These Requests for Production of Documents are continuing in character so as to require you to promptly amend or supplement your response if you obtain further materials in accordance with Fed. R. Civ. P. 26(e).

9. *Lost or Destroyed Documents.* If any document requested herein has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were

communicated, a summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

10. *Burdensomeness.* If a refusal to produce documents is stated on the ground of burdensomeness, identify the number and nature of documents needed to be searched, the location of the documents, and the number of person hours and costs required to conduct the search.

**PROTECTION OF CONFIDENTIAL INFORMATION**

To the extent that any information provided in response to this request for documents identifies specific individuals and is confidential under any law, rule, or regulation, Plaintiffs will agree to a protective order under which Plaintiffs will maintain the confidentiality of such information and will not reveal such information to third parties outside the scope of this litigation.

**DEFINITIONS**

As used in these document requests, the following terms are to be interpreted in accordance with these definitions:

1. The term "*person*" and "*persons*" means the plural as well as the singular and includes any natural person, alive or deceased, any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation, any city, state, its agencies or political subdivisions, any court, the Federal Government, any other government entity, or any form of legal entity.

2. The term "*identify*" with reference to an employee or staff member, contract or otherwise of Calcasieu Parish Sheriff's Office means to provide that person's full name, including any alias, last known address; telephone number; job title and duties while employed, dates of employment, and if no longer employed, date and reason employment terminated and

current place of employment, if applicable.

3. The terms "*Defendants*," "*you*," and "*your*" refer to Sheriff Tony Mancuso, Calcasieu Parish Sheriff's Office as well as all agents, employees, directors, officers, attorneys, and other representatives, any affiliated or related entities, any predecessors or successors in interest of any of the foregoing, and any present or former officers, directors, or other persons acting or purporting to act for or on behalf of Tony Mancuso, Calcasieu Parish Sheriff's Office, and/or Calcasieu Parish Detention Center.

4. The terms "*policy or procedure*," "*policies*," and "*procedures*" refer to both written or formal rules, as well as practices, customs, policies, and usages that may not have been officially approved, reduced to writing, or otherwise formalized.

6. The term "*document*" and "*documents*" means the original and all non-identical copies of written, recorded, graphic, or other matter, however produced or reproduced, including but not limited to all items stored on computer systems, notes, letters, emails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, videos, brochures, pamphlets, advertisements, circulars, press releases, drafts, and all other writings.

7. The term "*communication*" means oral communications, correspondence, memoranda, reports, records of telephone calls, records or minutes of any meeting, e-mails, and all other forms of oral or written expression by which information may be conveyed or maintained.

8. The terms "*relating to*," "*concerning*," "*pertaining to*" and "*regarding*" shall mean referring to, involving, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, or bearing upon.

9. The words "*and*" and "*or*" are intended to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. "*Calcasieu Detention Center*" refers to any and all buildings and facilities used to house pretrial detainees and Louisiana Department of Corrections and Public Safety (DPSC) detainees owned by Sheriff of Calcasieu Parish in Lake Charles, LA, including but not limited to "Calcasieu Correctional Center" and "Calcasieu Sheriff's Prison" (of which the Women's Correctional Services building is an annex).

11. The term "*hospital*" refers to any and all hospitals that provided care to Plaintiff not run by medical personnel at Calcasieu Parish Detention Center.

12. The term "*Calcasieu Parish Detention Center staff*" refers to all persons who are employed or perform any function or work in any capacity for Calcasieu Parish Sheriff at the Calcasieu Parish Detention Center, regardless of whether they are regular employees, contractors, volunteers, or have any other employment status.

14. The term "*local facility*" refers to any correctional facility used as a jail or prison to hold sentenced and un-sentenced people owned and operated by the Calcasieu Parish sheriff, law enforcement district, and / or private correctional contractor.

15. The terms "*sheriff*" or "*sheriff's office*" shall also encompass the Calcasieu Parish Detention Center Staff.

16. The singular form shall be deemed to apply to the plural where applicable, and vice versa.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests that Defendants produce the following documents in accordance with the definitions and instructions set forth above:

1. Any and all communications between Defendant Mancuso and the Department of Public Safety & Corrections (DPSC), including but not limited to Defendants LeBlanc and/or Smith, between January 1, 2019 to Present.

2. Any and all notes, meeting minutes, agendas, emails, calendar invitations, communications, letters, notes, memoranda, voicemails, phone messages, text messages or any other records between any staff at Catahoula Parish Sheriff's Office and Calcasieu Parish Sheriff's Office, including but not limited to communications between Defendant Mancuso and Defendants Toney Edwards, Eric Stott, Former Warden Pat Book, CPSO Sgt. Beason; CPSO Sgt. Prince; CPSO Sgt. Guthrie; CPSO Dep. Sanchez; and/or CPSO Dep. Margie Price pertaining to holding detainees from Calcasieu Parish at Catahoula Correctional Center from January 1, 2020 to present.

3. Any and all communications between Defendant Mancuso and the DPSC pertaining to holding detainees from Calcasieu Parish at facilities outside of Calcasieu Parish from January 1, 2020 to present.

4. Any and all documents, meeting minutes, notes, drafts or communications regarding the Prisoner Housing Agreement initially entered in October 2020 and renewed in 2022 between Sheriff Mancuso and Warden Book which provides for "the secure housing of Calcasieu Parish Prisoners" at Catahoula Correctional Center.

5. Any and all documents or records reflecting the total number of beds available for pretrial detainees in Calcasieu Parish from July 1, 2021 to present.

6. Any and all policies, procedures, documents, forms, charts or other records pertaining to the procedure of moving inmates at Calcasieu Detention Center to Catahoula Correctional Center.

7. Any and all policies, procedures, documents, forms, charts or other records pertaining to the procedure of identifying which inmates had to be moved from Calcasieu Detention Center to Catahoula Correctional Center.

8. Any document related to the incarceration of Plaintiff Robert Young, including but not limited to:

   a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;

   b. Master prison form;

   c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;

   d. Documents dealing with arrest information, criminal history, medical history and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;

   e. Documents generated by any and all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms,

questionnaires, interview protocols conducted in reference to re-classification and / or classification review.

f. Reports received from Catahoula Correctional Center regarding Robert Young, to any and all employees of Calcasieu Detention Center and Calcasieu Parish Sheriff's Office, including but not limited to reports to Tony Mancuso.

9. All documents related to the policies and procedures in effect for the Calcasieu Parish Detention Center for the time period when Robert Young was incarcerated, including but not limited to:

a. intake, processing, and classification procedures

b. housing policies

c. disciplinary policies

d. policies and procedures for providing security for inmates and guards at Calcasieu Parish Detention Center

e. staffing policies

10. Any and all records, balances sheets, ledgers, financial statements or other documents reflecting payments to or from other Sheriff's Offices, including but not limited to Catahoula Parish Sheriff from January 1, 2019 to present.

11. Any and all records, balances sheets, ledgers, financial statements or other documents reflecting payments to or from DPSC from January 1, 2019 to present.

12. Any and all contracts with third parties related to operations at Calcasieu Detention Center in effect from January 1, 2014 to present.

13. Any and all summary data and / or reports reflecting staff turnover for deputies, sergeants, lieutenants, captains, corporals, and majors at Calcasieu Detention

Center from July 1, 2019 through present, including but not limited to:

a. Attrition rates for each employment level;

b. Promotions;

c. Demotions;

d. Transfers from Calcasieu Detention Center to other correctional institutions;

e. Voluntary departures of staff, i.e., resignations, retirement;

f. Involuntary departures of staff, i.e., terminations for cause.

14. Please produce employment records for Sheriff Tony Mancuso including but not limited to:

a. C.V. / Resume

b. employment application

c. pre-employment and background investigation

d. hiring

e. orientation and training, both initial and in-service

f. Supervision, including supervisor records and files

g. Job performance evaluations

h. Continuing education certifications

i. Assignments

j. Incident Reports

k. Complaints

l. Investigations

m. Grievances

n. Disciplinary Actions

o. Commendations

p. Certifications

q. Licenses

r. Registrations

s. Contractual agreements

t. Job Descriptions, work duties

u. Required qualifications

v. Any past or pending criminal investigations

w. Any paperwork pertaining to termination

Respectfully submitted,

/s/ Elizabeth Cumming
**ELIZABETH CUMMING (**Bar Roll No. 31685), T.A.
**EMILY WASHINGTON** (Bar Roll No. 34143)
**RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER**
4400 S. Carrollton Ave.
New Orleans, LA 70119
Phone: (504) 620-2259
Fax: (504) 208-3133
elizabeth.cumming@macarthurjustice.org
emily.washingting@macarthurjustice.org

-AND-

/s/ Stephen J. Haedicke
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
Law Office of Stephen J. Haedicke
1040 Saint Ferdinand St.
New Orleans, LA 70117
(504)291-6999 Telephone
(504)291-6998 Fax
stephen@haedickelaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of September, 2024 I originally emailed a copy of the foregoing to the office of counsel for the Defendants.

____/s/ Elizabeth Cumming____________
Elizabeth Cumming