**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROBERT YOUNG,<br>Plaintiff, Versus<br><br>JAMES LEBLANC, et al.<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Docket Number: 2:23-cv-681-SDD-RLB<br><br>JUDGE: SHELLY D. DICK<br><br>MAG: RICHARD L. BOURGEOIS |

**DEFENDANT, CALCASIEU PARISH SHERIFF TONY MANCUSO'S ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

**TO: ELIZABETH CUMMING**
*Counsel of Record for Plaintiff*
4400 S. Carrollton Ave.
New Orleans, Louisiana 70119
Elizabeth.cumming@macarthurjustice.org

**GENERAL OBJECTIONS**

Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

a) Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

b) Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

c) Plaintiff objects to each document request to the extent that it calls for production of a privilege log for internal documents of Plaintiff. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine, governmental deliberative process privilege, and other privileges protecting such internal documents from discovery.

d) Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

e) Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

f) Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses and reserves the right to supplement these responses.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Any and all communications between Defendant Mancuso and the Department of Public Safety & Corrections (DPSC), including but not limited to Defendants LeBlanc and/or Smith, between January 1, 2019 to Present.

**ANSWER: Objection, this request is irrelevant, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to discoverable evidence as it is beyond the scope of discoverable information in this matter. Subject to and without waiving the above objections, this documentation has been requested and this response will be supplemented upon the receipt of any documentation that is discoverable and responsive to this request.**

2. Any and all notes, meeting minutes, agendas, emails, calendar invitations, communications, letters, notes, memoranda, voicemails, phone messages, text messages or any other records between any staff at Catahoula Parish Sheriff's Office and Calcasieu Parish Sheriff's Office, including but not limited to communications between Defendant Mancuso and Defendants Toney Edwards, Eric Stott, Former Warden Pat Book, CPSO Sgt. Beason; CPSO Sgt. Prince; CPSO Sgt. Guthrie; CPSO Dep. Sanchez; and/or CPSO Dep. Margie Price pertaining to holding detainees from Calcasieu Parish at Catahoula Correctional Center from January 1, 2020 to present.

**ANSWER: Objection, this request is overly broad, unduly burdensome, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving the above objections, see MANCUSO000589-590.**

3. Any and all communications between Defendant Mancuso and the DPSC pertaining to holding detainees from Calcasieu Parish at facilities outside of Calcasieu Parish from January 1, 2020 to present.

**ANSWER: Objection, this request is irrelevant, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to discoverable evidence as it is beyond the scope of discoverable information in this matter. Subject to and without waiving the above objections, this documentation has been requested and this response will be supplemented upon the receipt of any**

**documentation that is discoverable and responsive to this request.**

4. Any and all documents, meeting minutes, notes, drafts or communications regarding the Prisoner Housing Agreement initially entered in October 2020 and renewed in 2022 between Sheriff Mancuso and Warden Book which provides for "the secure housing of Calcasieu Parish Prisoners" at Catahoula Correctional Center.

**ANSWER: Please see MANCUSO000502-000507 and MANCUSO001355-001367. Defendants reserves the right to supplement this response upon identification of any discoverable documentation that is responsive to this request. See also Answer to Request No. 2.**

5. Any and all documents or records reflecting the total number of beds available for pretrial detainees in Calcasieu Parish from July 1, 2021 to present.

**ANSWER: Objection, this request is irrelevant, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to discoverable evidence as it is beyond the scope of discoverable information in this matter. Due to the devastation of Hurricanes Laura (Aug. 2020) and Delta (Oct. 2020), followed by a freeze (early 2021) and unprecedented flooding and tornadoes (May 2021), the total number of beds available were significantly minimized due to the devastation and damage caused to the facilities. Subject to and without waiving the objections, please see MANCUSO000591-000754. These records include the Sheriff's Prison and the Correctional Center.**

6. Any and all policies, procedures, documents, forms, charts or other records pertaining to the procedure of moving inmates at Calcasieu Detention Center to Catahoula Correctional Center.

**ANSWER: Please see MANCUSO000755-000761 CPSO Prisoner Transport Policy and MANCUSO000762-000843 Out of Facility Housing Details.**

7. Any and all policies, procedures, documents, forms, charts or other records pertaining to the procedure of identifying which inmates had to be moved from Calcasieu Detention Center to Catahoula Correctional Center.

**ANSWER: See Answer to Request No. 6 and Answer to Request No. 9.**

8. Any document related to the incarceration of Plaintiff Robert Young, including but not limited to:

   a. Intake and processing documents, forms, program participation, work assignments, questionnaires, classification actions, and / or interview protocols conducted related to classification;
   b. Master prison form;
   c. Reports of disciplinary actions, grievances, incidents, or crimes committed while in custody;
   d. Documents dealing with arrest information, criminal history, medical history and evaluation, mental health history and evaluation, suicide history and evaluation, bail, release information, program eligibility, housing assignment, and inmate property generated at every stage of intake and processing, incarceration, and release;
   e. Documents generated by any and all routine and post incident re-classification procedures, including but not limited to any re-classification documents, forms, questionnaires, interview protocols conducted in reference to re-classification and / or classification review.
   f. Reports received from Catahoula Correctional Center regarding Robert Young, to any and all employees of Calcasieu Detention Center and Calcasieu Parish Sheriff's Office, including but not limited to reports to Tony Mancuso.

**ANSWER: Please find attached the Arrest Records related to Plaintiff (MANCUSO000001-501) and Medical Records related to Plaintiff which were recently discovered in paper form (MANCUSO000844-855). Plaintiff reserves the right to supplement this response.**

9. All documents related to the policies and procedures in effect for the Calcasieu Parish Detention Center for the time period when Robert Young was incarcerated, including but not limited to:

   a. intake, processing, and classification procedures
   b. housing policies
   c. disciplinary policies
   d. policies and procedures for providing security for inmates and guards at Calcasieu Parish Detention Center
   e. staffing policies

**ANSWER: Please see attached MANCUSO000856-000922, which include policies that went into effect in January of 2022. See also MANCUSO000755-000761 for the Transport Policy.**

10. Any and all records, balances sheets, ledgers, financial statements or other documents reflecting payments to or from other Sheriff's Offices, including but not limited to Catahoula Parish Sheriff from January 1, 2019 to present.

**ANSWER: Objection, this request is irrelevant, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to discoverable evidence as it is beyond the scope of discoverable information in this matter. Subject to and without waiving the above objection, see**

**attached MANCUSO000923-001354.**

11. Any and all records, balances sheets, ledgers, financial statements or other documents reflecting payments to or from DPSC from January 1, 2019 to present.

**ANSWER: Objection, this request is irrelevant, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to discoverable evidence as it is beyond the scope of discoverable information in this matter and unrelated to the same. Further answering, respondent is not in possession of any information responsive to this request and if any discoverable documentation is identified, defendant reserves the right to supplement this response.**

12. Any and all contracts with third parties related to operations at Calcasieu Detention Center in effect from January 1, 2014 to present.

**ANSWER: Objection, this request is unreasonable, irrelevant, overly broad, unduly burdensome, not limited in scope, and not reasonably calculated to lead to discoverable evidence as it requests a decade of all contracts with 3rd parties. This request is improper as it is not limited in scope and unrelated to the case in question. Subject to and without waiving this objection, please find attached the Prisoner Housing Agreement between CPSO and Catahoula Correctional (Bates No. MANCUSO000502-000507) and the Addendum to the Prisoner Housing Agreement (Bates No. MANCUSO001355-1367).**

13. Any and all summary data and / or reports reflecting staff turnover for deputies, sergeants, lieutenants, captains, corporals, and majors at Calcasieu Detention Center from July 1, 2019 through present, including but not limited to:

a. Attrition rates for each employment level;
b. Promotions;
c. Demotions;
d. Transfers from Calcasieu Detention Center to other correctional institutions;
e. Voluntary departures of staff, i.e., resignations, retirement;
f. Involuntary departures of staff, i.e., terminations for cause.

**ANSWER: Objection, this request is overly broad unduly burdensome, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving any of the above**

**objections, please see Bates No. MANCUSO001368-1371.**

14. Please produce employment records for Sheriff Tony Mancuso including but not limited to:

a. C.V. / Resume
b. employment application
c. pre-employment and background investigation
d. hiring
e. orientation and training, both initial and in-service
f. Supervision, including supervisor records and files
g. Job performance evaluations
h. Continuing education certifications
i. Assignments
j. Incident Reports
k. Complaints
l. Investigations
m. Grievances
n. Disciplinary Actions
o. Commendations
p. Certifications
q. Licenses
r. Registrations
s. Contractual agreements
t. Job Descriptions, work duties
u. Required qualifications
v. Any past or pending criminal investigations
w. Any paperwork pertaining to termination.

**ANSWER: Objection, this request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving the above objections, please see Bates No. MANCUSO001372-1440.**

Respectfully submitted,
MUDD, BRUCHHAUS & KEATING, LLC

*/s/ Lenzi C. Hebert*
LENZI C. HEBERT #38544
DAVID P. BRUCHHAUS #24326 T.A.
JAMIE C. GARY #29203
422 E. College Street, Suite B
Lake Charles, Louisiana 70605
Telephone: (337)562-2327
Facsimile: (337)562-2391
Email: lhebert@mbklaw.net
jgary@mbklaw.net
dbruchhaus@mbklaw.net
***Counsel for Defendant,***
**Calcasieu Parish Sheriff Tony Mancuso**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of November 2024, a copy of the foregoing was forwarded via email to all known counsel of record.

*/s/ Lenzi C. Hebert*