UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT YOUNG                                                                CIVIL ACTION

VERSUS                                                                          NO. 23-681-SDD-RLB

JAMES LEBLANC, ET AL.

## ORDER

Before the Court is the DPSC Defendants' Motion to Stay all Deadlines and Discovery Pending Appeal. (R. Doc. 93). The motion is opposed. (R. Doc. 98).

**I.    Background**

On August 8, 2023, Plaintiff filed a complaint in this Court against James LeBlanc, in his individual and official capacities as the Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"),[1] and Seth Smith, in his individual and official capacities as the Chief of Operations of the DPSC (collectively, the "DPSC Defendants"); Tony Mancuso, in his individual and official capacities as the Sheriff of the Calcasieu Parish Sheriff's Office; Toney Edwards, in his individual and official capacities as the Sheriff of Catahoula Parish Sheriff's Office ("CPSO"); Eric Stott, in his individual and official capacities as the current warden of the Catahoula Correctional Center (the "CCC"); Pat Book, the former warden of the CCC, in his individual capacity; CPSO Sgt. Beason in his individual capacity; CPSO Sgt. Prince in his individual capacity; CPSO Sgt. Guthrie in his individual capacity; CPSO Dep. Sanchez in his individual capacity; CPSO Dep. Margie Price in his individual capacity; and unknown CPSO

---

[1] On August 29, 2024, Governor Jeff Landry appointed Gary Westcott as the new Secretary of the DPSC. Gary Westcott is automatically substituted for James LeBlanc as a defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

Deps. Jane and John Does in their individual capacities. (R. Doc. 1). Plaintiff amended his complaint on October 4, 2023, but he removed none of the defendants from the case. (R. Doc. 5).

Plaintiff, a resident of Calcasieu Parish, Louisiana, alleges that because of damage caused during Hurricane Laura in 2020, people arrested for criminal offenses in Calcasieu Parish are not housed in the Calcasieu Parish Jail (a/k/a Calcasieu Detention Center), but are sent to various other facilities in the State, including CCC. (R. Doc. 5 at 7). Plaintiff alleges that he, in particular, "was arrested and booked on non-violent charges in Calcasieu Parish" in April 2022, was transferred to CCC on April 19, 2022, and then was "brutally attacked on August 8, 2022, by violent DPSC inmates with whom he should not have been housed because of their different legal status" (*i.e.*, pretrial detainee v. sentenced inmates). (R. Doc. 5 at 7). In general, Plaintiff alleges that while the CPSO has responsibility over both pretrial detainees and sentenced inmates, the defendants have all failed to ensure that CCC developed and implemented an adequate classification plan or appropriate staffing and oversight as required by the applicable Basic Jail Guidelines. (R. Doc. 5 at 6-7, 22-23).

Plaintiff has brought a 42 U.S.C. § 1983 action against the named defendants for alleged 8th and 14th Amendment violations while he was a pretrial detainee at the CCC from April 19, 2022 to August 8, 2022. (R. Doc. 5 at 7). In short, Plaintiff alleges that two CCC corrections officers failed to intervene when he was attacked by other inmates. Based on this allegation, and others, Plaintiff argues that the defendants were negligent under state law and that the DPSC Defendants were responsible for the acts and omissions of the CCC corrections officers. Plaintiff seeks declaratory relief, injunctive relief, attorneys' fees, and damages.

The original deadline to complete non-expert discovery in this action was set for December 2, 2024. (R. Doc. 33). Plaintiff sought and obtained an extension of the deadline to

complete discovery, in part, to complete outstanding depositions. (R. Doc. 48). The current Scheduling Order set, among other things, the deadline to complete non-expert discovery on February 28, 2025, the deadline to complete expert discovery on May 14, 2025, the deadline to file dispositive and Daubert motions on May 23, 2025, and trial to commence on December 8, 2025. (R. Doc. 49).

Plaintiff again sought an extension of the Court's discovery deadline given various pending discovery motions. (R. Doc. 72). The Court denied the motion, with the caveat that the Court will provide the parties additional time to conduct additional discovery, including depositions, as allowed by specific rulings on the timely filed discovery motions. (*See* R. Doc. 81). The Court has subsequently extended the deadline to file dispositive and Daubert motions to June 23, 2025 given the filing of the instant motion. (R. Doc. 96).

Through the instant motion, the DPSC Defendants seek a stay of discovery and all upcoming deadlines pending an appeal of a summary judgment ruling in another civil action, *Murray, et al. v. LeBlanc, et al.*, No. 21-592-JWD-RLB, ECF No. 215 (M.D. La. Jan.15, 2025), *on appeal*, No. 25-30076 (5th Cir. Feb. 18, 2025). The DPSC Defendants argue that while the *Murray* case "involves different pre-trial detainee Plaintiffs who were housed at a different facility," the DPSC Defendants' legal defenses remain the same in both cases: "(1) Defendants' liability for the responsibility for the custody, care, housing, or control of pre-trial detainees are not warranted and (2) Defendants are entitled to qualified immunity for Plaintiffs'' pre-trial detainee claims." (R. Doc. 93-1 at 3). The DPSC Defendants argue that (1) a stay would pose no risk or harm to Plaintiff because there are no claims of continuing Constitutional violations, (2) the LPSC Defendants would suffer hardship and inequity if this matter proceeds before the *Murray* appeal is decided given that an appellate ruling in their favor would obviate the need to

incur additional substantial time and effort in this case, and (3) a stay would promote the orderly course of justice by simplifying the case and avoiding potential inconsistent rulings. (R. Doc. 93-1 at 5-9).

In opposition, Plaintiffs argue that the DPSC Defendants have not established that a stay is merited in light of the interlocutory appeal in the altogether separate *Murray* action. (R. Doc. 98). Highlighting the applicable jurisprudence disfavoring indefinite stays, Plaintiffs argue that the DPSC Defendants have failed to establish any hardship or inequity should this action proceed. (R. Doc. 98 at 2-5). Moreover, Plaintiffs argue that the appeal will likely be remanded on procedural grounds, without any resolution of substantive legal issues, resulting in what will likely be "a cycle of appeal and remand for several years at least." (R. Doc. 98 at 5). Similarly, Plaintiffs further argue that judicial economy will not be served given that the *Murray* appeal will not address any legal uncertainty that pertains to this action. (R. Doc. 98 at 6-7). Finally, Plaintiff argues that he will face "extraordinary hardship, inequity, and prejudice" if an indefinite stay is issued because of the potential for lost evidence and unavailability of witnesses at trial, interruption of settlement negotiations with the other defendants, and Plaintiff's desire to have his claims timely resolved. (R. Doc. 98 at 8-9).

## II. Law and Analysis

### A. Legal Standards

The Court maintains broad discretionary power to stay proceedings in the interests of judicial economy and justice, though the use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The moving party must "must make out a clear case of

hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." *Id.* at 255.

"When determining whether to exercise its discretion to stay proceedings, relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy." *Robinson v. Ardoin*, No. 22-211, 2022 WL 1404661, at *1 (M.D. La. May 4, 2022) (citing *Chevallier v. Our Lady of the Lake Hosp., Inc.*, No. 18-0997, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019)). A court abuses its discretion, however, by issuing "a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255.

"A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *Robinson*, 2022 WL 1404661, at *1 (quoting *Greco v. Nat'l Football League*, 116 F.Supp.3d 744, 761 (N.D. Tex. 2015). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Moreover, "before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

**B.     Analysis**

Having considered the arguments of the parties, the Court finds it inappropriate to stay these proceedings pending resolution of the appeal in the *Murray* case.

5

The DPSC Defendants are correct that an indefinite stay will not subject Plaintiff to any threat of immediate danger or physical harm. That said, an indefinite stay in this action pending the resolution of the appeal in *Murray* will potentially prejudice Plaintiff given the significant amount of time that may be required to resolve that appeal. Delays in this action pending the resolution of the appeal in *Murray* may result in further loss of evidence. *See Clinton v. Jones*, 520 U.S. 681, 707-708 (1997) ("[A] lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial . . . delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."). Indeed, the CPSO Defendants have already represented that they could not locate the following documents and information in discovery: video footage of the underlying altercation; certain unusual occurrence reports; certain "missing logbooks" that "were likely destroyed by water damage"; and certain versions of Prisoner Housing Agreements in light of the recent deaths of a former CCC Warden. (*See* R. Doc. 87 at 2-3). In addition, an indefinite stay would prejudice Plaintiff as it would interfere with ongoing settlement negotiations with the other defendants and further delay in the resolution of his claims.

In contrast, the LPSC Defendants will not face undue hardship or inequity if this action is not stayed pending the *Murray* appeal. In short, the LPSC Defendants have not articulated any "pressing need" justifying an indefinite stay. *See Landis*, 299 U.S. at 255. The LPSC Defendants vaguely argue that "the legal issues [as to liability and qualified immunity] in this case will become clearer and more definite" after the *Murray* appeal is resolved. (*See* R. Doc. 93-1 at 6-7). The LPSC Defendants do not identify any specific legal issue to be resolved by the Fifth Circuit that would be applicable to this action.

6

In denying summary judgment in *Murray*, the district judge stated the following in the written ruling following oral argument: "*Crittindon v. LeBlanc*, 37 F.4th 177, 191 (5th Cir. 2022), establishes that DOC has responsibility over the local jails once they house DOC prisoners. Further, numerous questions of material fact preclude summary judgment in favor of either party." *Murray*, No. 21-592, ECF No. 215. There does not appear to be any dispute that, in all likelihood, the *Murray* appeal will likely result in an order vacating the denial of summary judgment based on qualified immunity and remanding the action to the district judge for reconsideration based on the summary judgment record. (*See generally* R. Doc. 98-3) (oral ruling in *Murray* denying Plaintiffs' Motion to Certify the Defendants' Notice as Frivolous); *see also Traweek v. LeBlanc*, No. 21-30096, 2022 WL 2315444, at *4 (5th Cir. June 28, 2022) (vacating district judge's order denying summary judgment based on qualified immunity and remanding for the district court to reconsider). While on appeal, the LPSC Defendants <u>specifically sought</u> to have the appeal remanded to direct the district court to vacate the summary judgment ruling with citations to record evidence. *See Murray, et al. v. LeBlanc, et al.*, No. 25-30076, ECF No. 25 (5th Cir. Apr. 4, 2025), *denied*, ECF No. 33 (5th Cir. Apr. 18, 2025).

In short, this is not a situation where the party seeks a stay based on the potential resolution of an articulable substantive legal issue on appeal. *See Humphrey v. LeBlanc*, Civil Action No. 20-233-JWD-SDJ (M.D. La. Jan. 22, 2024) (staying overdetention case where there were three pending petitions in similar cases seeking Fifth Circuit en banc review of the *Crittindon* decision); *see also McNeal v. LeBlanc*, 93 F.4th 840 (5th Cir. 2024) (denying petition for rehearing en banc). Here, the LPSC Defendants have not even attempted to articulate how any specific legal issues that pertain to this action will "become clearer and more definite" after the *Murray* appeal is resolved. (*See* R. Doc. 93-1 at 6-7).

7

The LPSC Defendants have not identified any cognizable prejudice that they face should this case move forward while the *Murray* appeal is decided. Finally, moving forward with the instant action will not interfere with the interest of judicial economy. The parties will have the opportunity to file their summary judgment motions based on the applicable law and facts of this case. To the extent a decision in the *Murray* appeal has any applicability to this action after summary judgment briefs are submitted, the appropriate party may seek leave to file supplemental briefing or other appropriate relief from the district judge in an effort to preclude inconsistent rulings.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the DPSC Defendants' Motion to Stay all Deadlines and Discovery Pending Appeal (R. Doc. 93) is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 11, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**