UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT YOUNG                                          CIVIL ACTION

VERSUS                                                23-681-SDD-RLB

JAMES LEBLANC, ET AL.

### RULING

Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants, James LeBlanc and Seth Smith (collectively, the "DPSC Defendants").[1] Plaintiff, Robert Young ("Plaintiff"), filed an Opposition.[2] For the reasons that follow, the Motion will be denied.

**I.    BACKGROUND**

Plaintiff filed this Section 1983 action after he was attacked and injured by two fellow inmates at Catahoula Correctional Center ("CCC").[3] Plaintiff, a pretrial detainee at CCC at the time, alleges that DPSC Defendants violated his rights under the Fourteenth Amendment by allowing pretrial detainees and sentenced prisoners to be housed together at CCC with no proper "classification plan," "based on available beds without regard to custodial status, disciplinary history, known enemies, or any other consideration included in classification plans."[4] Plaintiff alleges the intermingling of pretrial and convicted inmates caused pervasive violence at CCC and created unconstitutional conditions of confinement which led to Plaintiff's attack.[5] Plaintiff further alleges that

---

[1] Rec. Doc. 147.
[2] Rec. Doc. 156.
[3] Rec. Doc. 5.
[4] *Id.* at ¶ 26.
[5] *Id.* at ¶¶ 33, 66.

DPSC Defendants "inadequately monitor, audit, review, and supervise local jail facilities, including CCC, thereby failing to ensure that prisoners were not subjected to unconstitutional conditions and / or unreasonable risks of harm."[6]

DPSC Defendants previously filed a motion to dismiss asserting Eleventh Amendment immunity, qualified immunity, and failure to state a claim.[7] The Court denied the motion.[8] Later, Plaintiff moved for summary judgment,[9] which the Court also denied.[10] DPSC Defendants now move to dismiss on the grounds that the Court lacks subject matter jurisdiction due to Plaintiff's lack of standing.[11]

## II.     LAW AND ANALYSIS

"Article III standing is a jurisdictional prerequisite."[12] If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim, and dismissal under Rule 12(b)(1) is appropriate.[13] "A plaintiff bears the burden of establishing standing … under Article III."[14]

Article III of the Constitution limits federal courts' jurisdiction to certain "cases" and "controversies." "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."[15] The Supreme Court has outlined three elements to

---

[6] *Id.* at ¶ 51.
[7] Rec. Doc. 30.
[8] Rec. Doc. 40.
[9] Rec. Doc. 107.
[10] Rec. Doc. 138.
[11] Rec. Doc. 147.
[12] *Crenshaw-Logal v. City of Abilene, Tex.*, 436 F. App'x 306, 308 (5th Cir. 2011) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101; *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir.1989)).
[13] *See Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997).
[14] *Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1049 (E.D. La. 2018).
[15] *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 37 (1976)).

establish the "irreducible constitutional minimum" of standing: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[16]

DPSC Defendants argue Plaintiff lacks standing because "DPSC has no legal responsibility" over pretrial detainees.[17] DPSC Defendants cite La. R.S. 15:704 in support of their argument, which provides that "[e]ach sheriff shall be the keeper of the public jail of his parish."[18] Based primarily on this statute, DPSC Defendants argue that only the local sheriff bears legal responsibility for pretrial detainees such as Plaintiff at local facilities.[19] The Court already rejected this argument when ruling on Plaintiff's Motion for Summary Judgment:

> The [Fifth Circuit] in *Crittindon [v. LeBlanc]* said that "DPSC is responsible *for the local jails*" that house DPSC prisoners. In other words, when DPSC contracts with local facilities to house sentenced prisoners, DPSC shares a responsibility to ensure the facility is being operated in a way that does not violate the constitutional rights of the inmates. The Court does not find that La. R.S. 15:704 dictates *exclusive* control of a local facility to the Sheriff when the facility also holds DPSC-sentenced prisoners.[20]

DPSC Defendants entirely ignore the Fifth Circuit's words in *Crittindon* and this Court's prior discussion of this issue. The Court finds that DPSC Defendants' Motion is an attempt to re-urge substantive arguments that have already been rejected. The Court finds that Plaintiff has established the minimum requirements of Article III standing in this matter. Accordingly, the Motion will be denied.

---

[16] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).
[17] Rec. Doc. 147-1, p. 14.
[18] Rec. Doc. 157-1, p. 5.
[19] *See* Rec. Doc. 147-1, pp. 5–11.
[20] Rec. Doc. 138, pp. 4–5 (quoting *Crittindon v. LeBlanc*, 37 F.4th 177, 191 (5th Cir. 2022)).

### III. CONCLUSION

For the foregoing reasons, DPSC Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction[21] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  2nd  day of ____December____, 2025.

                                               _____
                                               **SHELLY D. DICK**
                                               **CHIEF DISTRICT JUDGE**
                                               **MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. 147.