## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ROBERT YOUNG                                          CIVIL ACTION

VERSUS                                                23-681-SDD-RLB

JAMES LEBLANC, ET AL.

### OMNIBUS RULING

Before the Court are the following opposed pretrial Motions: Defendants' James LeBlanc ("LeBlanc") and Seth Smith ("Smith") (collectively, "DPSC Defendants") Motion in Limine,[1] Plaintiff's First Motion in Limine to Exclude Evidence regarding Hurricane Laura,[2] Plaintiff's Second Motion in Limine to Exclude Evidence of Settlements with Other Parties,[3] Plaintiff's Third Motion in Limine to Limit Qualified Immunity Instruction to the Jury,[4] Plaintiff's Fourth Motion in Limine to Exclude Inadmissible and Prejudicial Evidence of Prior Arrests and Convictions,[5] and Plaintiff's Motion Allow Plaintiff to Appear Before Jury in Civilian Clothes and Without Restraints.[6]

## I.    Defendants' Motion in Limine (Rec. Doc. 151)

Defendants move to exclude many of the Plaintiff's proposed trial exhibits as "irrelevant, immaterial, and prejudicial."[7]

### A. Plaintiff's Exhibit 18 (Photographs)

Defendants move to exclude photographs identified as Plaintiff's Exhibit 18, comprised of 34 photographs depicting the interior of Catahoula Correctional Center

---

[1] Rec. Doc. 151, Opposition at Rec. Doc. 171.
[2] Rec. Doc. 152, Opposition at Rec. Doc. 166.
[3] Rec. Doc. 153, Opposition at Rec. Doc. 167.
[4] Rec. Doc. 154, Opposition at Rec. Doc. 168.
[5] Rec. Doc. 156, Opposition at Rec. Doc. 170.
[6] Rec. Doc. 155, Opposition at Rec. Doc. 169.
[7] Rec. Doc. 151-1.

("CCC") and 12 photos of CCC's exterior yard and fencing.[8] Defendants move for pretrial exclusion of these photographs under Rules 401 and 403 of the Federal Rules of Evidence (FRE). The relevance/prejudice of this photographic evidence is best determined in the context of trial. The Court refers the Motion to the merits. All objections are reserved.

### B.  Plaintiff's Exhibits 1, 2, 3, 4, 5, 7, 33, and 35

Defendants move exclusion of Plaintiff's Exhibits 1, 2, 3, 4, 5, 7, 33, and 35 which comprise post-incident DPSC training materials, information, reports, and audits received and conducted by LeBlanc and Smith. Defendants argue that they have no legal responsibility for pretrial detainees, thus the evidence is irrelevant, and more prejudicial than probative.[9]

Plaintiff counters that "the strategic plans, Plaintiff's proposed Exhibits 1 and 2, were both drafted and submitted prior to August 2022 (in September 2019 and July 2022 respectively) and, as such, reflect the Department's policies, plans, and conduct prior to August 2022."[10] Plaintiff argues that proposed Exhibits 7, 33, and 35 are relevant to Plaintiff's claim that LeBlanc and Smith "failed to ensure reasonable or adequate oversight over local facilities".[11]

"An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[12] Instead, courts should reserve evidentiary rulings until trial so that

---

[8] *See* Pretrial Order, Rec. Doc. 148.
[9] Rec. Doc. 151-1, p. 5.
[10] Rec. Doc. 171, p. 3.
[11] *Id.*
[12] *Griffin v. REC Marine Logistics LLC*, 2023 WL 1965428, at *1 (M.D. La., 2023) (emphasis in original) (citing *Rivera v. Robinson,* 464 F. Supp. 3d 847, 853 (E.D. La. 2020)) (internal citation omitted).

questions as to the evidence "may be resolved in the proper context."[13] The Motion to exclude Plaintiff's Exhibits 1, 2, 3, 4, 5, 7, 33, and 35 is referred to the merits. All objections are reserved.

C. Plaintiff's Exhibits 3, 5, 6, 30, 31, 32, 33, and 43

Defendants move to exclude as Plaintiff's Exhibits 3, 5, 6, 30, 31, 32, 33, and 43, which they argue contain irrelevant and prejudicial "information predating August 8, 2022 [and] information from other facilities not related to CCC."[14]

Plaintiff counters that the information is relevant to prove the "Defendants' knowledge that these operational problems were not only at CCC, but a widespread feature of the local facility system."[15] Plaintiff contends that these exhibits demonstrate a "breadth and variety of reporting" "pervasive failures" at local facilities which the DPSC Defendants unreasonably failed to address.[16] Plaintiff contends that Exhibit 43 is evidence of DPSC's policy decision to house the majority of the sentenced population in local detention centers, which is probative of DPSC's responsibility for the conditions at local facilities which Plaintiffs argue are "built for the purpose of holding DPSC post-conviction inmates.[17]

For the same reasons, the Court refers the Motion to exclude Exhibits 3, 5, 6, 30, 31, 32, 33, and 43 to the merits. All objections are reserved to the time of trial.

---

[13] Id. (citing Auenson v. Lewis, No. CIV. A. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996)).
[14] Rec. Doc. 151-1, p. 6.
[15] Rec. Doc. 171, p. 4.
[16] Id.
[17] Id. at p. 5.

D.  Plaintiff's Medical Expenses – Plaintiff's Exhibit 56

LeBlanc and Smith move to exclude evidence, testimony, and any reference to medical bills and expenses (Plaintiff's Exhibit 56). Defendants argue the medical evidence is irrelevant and intended to evoke sympathy and inflame the jury because there is no claim for recovery of medical expenses and the because the Plaintiff was not financially responsible for medical bills during incarceration.[18]

Plaintiff responds that the medical bills are not offered as support for damages but rather to show knowledge.[19] The Court will defer ruling until the time of trial. All objections are reserved.

D.  Evidence of offender incidents at CCC not involving Plaintiff (Plaintiff's Exhibits 3, 4, 5, 6, 7, 24, 25, 29, and 33)

Defendants urge exclusion of evidence of altercations and incidents involving violence among and between offenders detained or incarcerated at CCC, other than the Plaintiff, as irrelevant under FRE 401 and unduly prejudicial under FRE 403.[20] Plaintiff counters that "[e]vidence of other injuries is a critical element of Plaintiff's claims, necessary for establishing a pattern of violence at CCC and DPSC Defendants' knowledge thereof."[21]

The Court DENIES the Motion in Limine to exclude evidence of incidents of violence involving other inmates at CCC, without prejudice to the right of the Defendants to object to specific evidence at trial. The Court cannot find that the evidence is clearly

---

[18] Rec. Doc. 151-1, p. 7.
[19] Rec. Doc. 171, p. 5.
[20] Rec. Doc. 151-1, p. 8.
[21] Rec. Doc. 171, p. 5.

inadmissible.[22] The evidence is arguably relevant to show the Defendants knowledge of the conditions of confinement at CCC.

E.  Motion to exclude lay opinion testimony

Defendants move to exclude lay opinion testimony concerning Plaintiff's injuries, medical diagnosis and prognosis under FRE 701.[23] Plaintiff responds that the Plaintiff will testify about his experiences and the nature, extent and duration of injuries sustained.[24] The Motion is DENIED. Objections are reserved to the time of trial.

**II.    Plaintiff's First Motion in Limine to Exclude Evidence regarding Hurricane Laura (Rec. Doc. 152)**

Plaintiff, a pretrial detainee, was transferred from the Calcasieu Parish Detention Center to CCC after Hurricane Laura damaged Calcasieu Parish Detention Center. Plaintiff moves to exclude evidence of this fact. Plaintiff contends that the reason for his transfer to CCC lacks probative value. Plaintiff argues that "Hurricane Laura-related evacuations [bear no] relation to the classification and associated oversight policies and practices that led to [his] injuries."[25] Plaintiff specifically moves to exclude DPSC Defendants' proposed deposition excerpts of Commander Christopher Domingue, Defendant's Exhibit 18.[26] The Defendants contend that the testimony of Commander Domingue is relevant because "Hurricanes Laura and Delta are the genesis of Plaintiff's necessary transfer from Calcasieu Parish to Catahoula Parish, as Calcasieu Parish's facilities were so damaged by the hurricanes that two years hence, the Calcasieu Sheriff

---

[22] *See* note 11, *supra.*
[23] Rec. Doc. 151-1, p. 8.
[24] Rec. Doc. 171, p. 7.
[25] Rec. Doc. 152-1, p. 4.
[26] *See* Rec. Doc. 148.

was still unable to safely and securely house Plaintiff or other detainees as required by Louisiana law."[27]

Defendants argue that the hurricane-related relocation of detainees to CCC was a legitimate government interest. The Supreme Court in *Bell v. Wolfish* explained that "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"[28] Certainly, evacuating detainees from a storm damaged facility is a legitimate governmental interest. However, the claim here is that the lack of a housing classification system and co-housing post-conviction inmates with pretrial detainees *at CCC* led to inordinate and repeated violence among the inmates and detainees.

The Court read the deposition excerpts of Colonel Domingue.[29] The testimony is very matter of fact. In 2002, Hurricane Laura severely damaged the Calcasieu Parish Detention Center requiring the evacuation of approximately 900 prisoners, the vast majority of which were pretrial detainees. After the hurricane, the Calcasieu Detention Center was not fully operational for more than 4 years. There is no suggestion in Colonel Domingue's testimony that the hurricane-related influx of detainees at CCC caused a breakdown or otherwise impaired a housing classification system.

Plaintiff argues that the evacuation is not reasonably related to the conditions complained of, and to allow the defendants seek succor from the hurricane evacuation would confuse the jury and evoke sympathy in a jury that is undoubtedly hurricane sensitive. Exhibit 18 will not be offered until the Defendants case in chief. The evidence

---

[27] Rec. Doc. 166, pp. 1–2.
[28] 441 U.S. 520, 539 (1979).
[29] *See* Rec. Doc. 152-5.

in the Plaintiff's case in chief will be germane to the FRE 401/403 relevance/prejudice analysis. The Court refers the objection to trial.

Accordingly, the Court DENIES the Motion in Limine (RD 152). The objection is reserved and referred to trial.

### III.    Plaintiff's Second Motion in Limine to Exclude Evidence of Settlements with Other Parties (Rec. Doc. 153)

Plaintiff moves to exclude evidence of his settlement with the Calcasieu Parish Sheriff and the Catahoula Parish Sherriff.[30] Plaintiff cites Federal Rule of Evidence 408 in support of his Motion.

"Rule 408 by its terms does not operate to exclude evidence unless it is offered to prove 'liability for or invalidity of the claim or its amount.' Whether to admit evidence for another purpose is within the discretion of the trial court; the court's decision will not be reversed in the absence of an abuse of discretion amounting to 'manifest error.'"[31]

The Court will instruct the jury that Defendants Calcasieu Parish Sheriff and the Catahoula Parish Sherriff have been dismissed after reaching a settlement with the Plaintiff and they are not to consider that fact in their deliberations. The question before the jury is whether the DPSC defendants, LeBlanc and Smith, are liable, and if so, what amount damages, if any, should be awarded to the plaintiff.

The Motion is GRANTED. The Court will determine the offset amount in post-verdict Motion practice.

---

[30] *See* Rec. Doc. 148, pp. 22–23 (Defendants' Exhibits 13 and 14).
[31] *Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984) (citing *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir.1976); Advisory Committee Notes, Fed. R. Evid. 408).

## IV.    Plaintiff's Third Motion in Limine to Limit Qualified Immunity Instruction to the Jury (Rec. Doc. 154)

The Court will take up the issue of the propriety of a Qualified Immunity charge at the charge conference which will be held in Chambers at a convenient time during the course of the trial. Objections to the Jury Charges must be urged orally on the record outside of the presence of the jury. The Motion in Limine is DENIED.

## V.    Motion to Allow Plaintiff to Appear Before Jury in Civilian Clothes and Without Restraints (Rec. Doc. 155)[32]

The Motion is GRANTED in part and DENIED in part.

If the Plaintiff remains in custody at the time of trial he may appear in civilian clothes, to be secured by counsel for the Plaintiff. Pursuant to U.S. Marshal security protocol, the Plaintiff will be free of leg shackles and will have only his non-dominate hand restrained. The Court will instruct the jury that this is security protocol in every case in which a party is in custody and should not be considered by the jury in their deliberations.

## VI.    Plaintiff's Fourth Motion in Limine to Exclude Inadmissible and Prejudicial Evidence of Prior Arrests and Convictions (Rec. Doc. 156)

Plaintiff moves to exclude prior acts evidence, specifically Defendants exhibits 1, 6, 7, 8, and 16. Germane to the inquiry are Federal Rules of Evidence 404(b), 608(b), 609 and 611, and of course 401 and 403.

### A.  Defendants' Exhibit 1 (Master Prison Record)

The Motion is DENIED in part. References in the Master Prison related to status and classification entries may have relevance. The Court will defer ruling on the admissibility of Defense Exhibit 1 for limited purposes of classification and status at trial.

---

[32] The Court considered the parties' supplemental briefing at Rec. Docs. 175 and 177.

The Motion is GRANTED in part. All references in Exhibit 1 to sentences served between 2007 and November 2015 are excluded under Fed. R. Evid. 609, and shall be redacted from Defense Exhibit 1.

All references to a nolo contendere plea shall be redacted pursuant to Rule 410.

All other objections to Exhibit 1 are referred to trial.

B.  Exhibits 6–8 and 16 (Calcasieu Records)

Exhibit 6 documents the Plaintiff's voluntary plea of guilty to the charge of possession of CDS I – Heroin. This is admissible under FRE 609. All other information, including details of the charge and potential sentence shall be redacted.

C.  Exhibit 7 and Exhibit 8

Defendants proposed Exhibits 7 and 8 document the Plaintiff's 2023 sentence and terms of probation and information related to an alleged probation violation in 2025. The substantive information contained in Exhibits 7 and 8 date well after the incident that forms the basis of this lawsuit. Defendants provide no persuasive argument for the relevance of these exhibits and offer no response to the Plaintiff's argument that this is inadmissible under FRE 404(b) . The Motion in Limine to exclude Defendant's Exhibits 7 and 8 is GRANTED.

**<u>CONCLUSION</u>**

For the foregoing reasons, IT IS ORDERED:

Defendants' Motion in Limine (Rec. Doc. 151) is DENIED as to evidence of other offender incidents at Catahoula Corrections Center and DENIED as to the Plaintiff's testimony regarding the nature, extent and duration of his injuries and medical treatment for his injuries. All other evidentiary objections are referred to trial;

Plaintiff's First Motion in Limine to Exclude Evidence regarding Hurricane Laura (Rec. Doc. 152) is DENIED, objection is reserved and referred to trial;

Plaintiff's Second Motion in Limine to Exclude Evidence of Settlements with Other Parties (Rec. Doc. 153) is GRANTED;

Plaintiff's Third Motion in Limine to Limit Qualified Immunity Instruction to the Jury (Rec. Doc. 154) is DENIED, and will be taken up at the jury charge conference;

Plaintiff's Motion to Appear Before Jury in Civilian Clothes and Without Restraints (Rec. Doc. 155) is GRANTED in part and DENIED in part;

Plaintiff's Fourth Motion in Limine to Exclude Inadmissible and Prejudicial Evidence of Prior Arrests and Convictions (Rec. Doc. 156) is GRANTED in part and DENIED in part as set forth herein.

Signed in Baton Rouge, Louisiana, on <u>December 4, 2025</u>.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**