**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ROBERT YOUNG<br><br>PLAINTIFF,<br><br>v.<br><br>JAMES LEBLANC, SECRETARY OF DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al,<br><br>DEFENDANTS. | CIVIL ACTION NO. 3:23-cv-681-SDD-RLB |

**DEFENDANTS', JAMES LEBLANC & SETH SMITH, MEMORANDUM IN SUPPORT OF MOTION TO STAY RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS & EXPENSES (R. DOC. 234) OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS & EXPENSES**

**MAY IT PLEASE THE COURT:**

Defendants, James LeBlanc and Seth Smith (State Defendants), respectfully submit this Memorandum in Support of their Motion to Stay Ruling on Plaintiff's Motion for Attorneys' Fees, Costs & Expenses (R. Doc. 234) or, in the alternative, Motion for Extension of Time to File Opposition to said motion for fees and costs.

## I. PROCEDURAL HISTORY

On December 17, 2025, Judgment was entered confirming the jury verdict finding in favor of Plaintiff, Robert Young (Young), and against the State Defendants, as well as awarding Young compensatory and punitive damages. (R. Doc. 199). On January 15, 2026, State Defendants filed a Combined Rule 50(b), Rule 59(a) and Rule 59(e) Motions. (R. Doc. 206). On July 14, 2026, a ruling was entered denying State Defendants' combined motions. (R. Doc. 233).

On July 24, 2026, Young filed a Motion for Attorneys' Fees, Costs & Expenses. (R. Doc. 234). **The opposition to Young's motion for fees is due August 13, 2026.** On August 12, 2026, the State Defendants filed a Notice of Appeal from the December 2025 Judgment and the July 2026 Ruling. (R. Doc. 199; R. Doc. 233). State Defendants now submit this memorandum in support of their Motion to Stay Ruling on Young's motion for fees and costs or, in the alternative, their Motion for Extension of Time to File Opposition to said motion for fees and costs. **Young's counsel have indicated their client takes no position as to this motion.**

## II. LAW AND ARGUMENT.

### A. Motion to Stay

Federal Rule of Civil Procedure 54(d)(2) governs the timing and procedure for filing motions for attorney fees. The Advisory Committee Notes to the 1993 Amendment to Rule 54 state in part, "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motions, or may deny the motion without prejudice, directing under (d)(2)(B) a new period for filing after the appeal has been resolved. Fed. R. Civ. P. 54(d)(2) advisory committee's notes to 1993 amendment. This discretion has been recognized by both the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit. See *Nken v. Holder,* 556 U.S. 418, 421 (2009) (a federal court can stay enforcement of a judgment pending the outcome of an appeal); and *In re First South Sav. Ass'n,* 820 F.2d 700, 709 (5th Cir. 1987) (district court's decision to grant or deny a stay pending an appeal rests in that court's discretion).

In this case, given the State Defendants' appeal on the merits of the case, this matter has not—at this point—been fully resolved in favor of Young or against the State Defendants. In addition, if Young prevails on appeal, he will likely seek to amend his motion for fees and costs

to include time spent defending the trial Judgment and the later Ruling denying the State Defendants' combined post-verdict motions.

In the interest of avoiding duplicative work both in support of and in opposition to the fee issue, as well as the potential waste of judicial resources in deciding piecemeal fee motions, the State Defendants request that this Court exercise its discretion and grant their motion to stay ruling on the fee issue until the appeal has been resolved. Further, the stay will not prejudice Young but, rather, will promote the efficient presentation of the complete fee issue to the Court.

**B. Motion for Extension**

In the alternative—if this Court denies the State Defendants' motion for stay of the ruling on the fee issue—the State Defendants request an additional 15 days from August 13, 2026—until August 28, 2026—by which to file a thorough response to Young's motion for fees and costs.

Good cause exists for this request due to undersigned counsel's pre-existing court appearances and pleading deadlines in other matters during the filing period that substantially limited the time available to prepare a thorough response to Young's Motion for Attorneys' Fees, Costs & Expenses. Some of these pre-existing commitments included: an August 6, 2026 hearing on Motion to Quash Subpoena Duces Tecum on behalf of Judge Kern Reese in Orleans Parish Civil District Court in the matter entitled, *In re: Succession of Mercedes Walker,* Docket No. 2011-1948, Div. J; an Opposition to Motion for Summary Judgment that was due on August 7, 2026 in the Western District of Louisiana in the matter entitled, *Billy Ray Dew v. State of Louisiana, et al,* Docket No. 3:26-CV-01659; a Reply to Plaintiff's Opposition to Motion to Dismiss that was due on August 10, 2026 in the Western District of Louisiana in the matter entitled, *Billy Ray Dew v. State of Louisiana, et al,* Docket No. 3:26-CV-01659; and an Opposition to Plaintiff's Motion for Leave to File Amended and Supplemental Complaint that was due on August 11, 2026, in the Middle District of Louisiana in the matter entitled *Henry Klein v. Liz Murrill, et al,* Docket No.

3:26-CV-00104. There is no prejudice to Young by the granting of the State Defendants' alternative motion for an extension of time to oppose the motion for fees and costs.

The State Defendants' request this Court grant their alternative motion for extension of time to file an opposition to Young's motion for fees and costs if their Motion to Stay Ruling is denied.

## III. CONCLUSION.

The avoidance of duplicative work both in support of and in opposition to the fee issue, as well as the potential waste of judicial resources in deciding piecemeal fee motions, justifies the exercise of this Court's discretion in granting Defendants', James LeBlanc and Seth Smith, Motion to Stay Ruling on Plaintiff's Motion for Attorneys' Fee, Costs & Expenses until their appeal on the merits is resolved. And Defendants so request this Court to grant their Motion to Stay Ruling.

In the alternative, Defendants request this Court grant them an additional 15 days—up to and including August 28, 2026—by which to file their opposition to Plaintiff's Motion for Attorneys' Fees, Costs & Expenses.

Respectfully submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**

*S/Karen D. Murphy*
**KAREN D. MURPHY** (#25192)
**DOUGLAS G. SWENSON** (#28773)
Assistant Attorneys General
**LOUISIANA DEPT. OF JUSTICE**
Litigation Division
1885 N. Third Street, 3rd Floor
Baton Rouge, LA 70802
Telephone: (225) 326-6300
Facsimile: (225) 326-6494
Email: MurphyK@ag.louisiana.gov
SwensonD@ag.louisiana.gov

***Counsel for Defendants, James LeBlanc and Seth Smith***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of August 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

*S/Karen D. Murphy*
**KAREN D. MURPHY**